Farmers Grain & Supply Co. v. Blanchard.

---

FARMERS GRAIN & SUPPLY COMPANY, APPELLEE, v. JENNIE M. BLANCHARD, APPELLANT.

FILED JUNE 7, 1920. No. 21467.

1. **Evidence: DEATH: PRESUMPTION.** When there is a question as to whether a violent death has been caused by accident or by suicide, there is no presumption in favor of suicide, and, as between accident and suicide, the law presumes accident until suicide is established by the evidence.

2. **Master and Servant: WORKMEN'S COMPENSATION ACT: "RECKLESS INDIFFERENCE TO SAFETY."** "Reckless indifference to safely," as used in section 3693, Rev. St. 1913 (workmen's compensation act), means more than want of ordinary care. It implies a rash and careless spirit, not necessarily amounting to wantonness, but approximating it in degree, a willingness to take a chance.

APPEAL from the district court for Kearney county: WILLIAM A. DILWORTH, JUDGE. *Reversed, with directions.*

*Bernard McNeny* and *Howard S. Foe,* for appellant.

*Lewis C. Paulson,* contra.

LETTON, J.

The appellant was awarded compensation by the compensation commissioner for the death of her husband while employed by the appellee. On appeal to the district court the award was set aside and judgment of dismissal rendered. Claimant appeals.

The husband of the appellant, on June 30, was manager of the grain elevator of appellee at Minden. The bookkeeper, whose duty it was to attend to the correspondence and make out reports, was absent from the town for a few days. A report had been called for by the United States Grain Corporation, which, according to a letter accompanying the same, was due in Omaha the next day. The post office in Minden was about six blocks from the elevator, and the elevator was about two blocks from the railroad station. The deceased procured assistance in making out the report from the manager of a nearby elevator, placed it in an envelope, and when the accident happened was proceeding to the railroad station in order to post the letter upon the mail car of a train coming from the west. There are three parallel tracks at Minden—the elevator track, the passing track, and the main track. The evidence shows that deceased crossed the elevator and passing tracks. He looked west and presumably saw the train approaching. An eyewitness testifies that he then proceeded between the main and passing tracks in the direction of the station at a rapid walk, or dog trot, was struck by the engine of the train and thrown about 20 feet. The train, according to this witness, was running faster than usual. The space between the tracks was about 10 or 12 feet, and, so far as this witness could see, deceased had not veered toward the main track when he was struck. The fireman on the train, however, testifies that he saw the deceased cross the tracks, and saw him running between the main line and the passing track; that at one point he took a very slight angle toward the main track, and

had reached about the end of the tie when he was struck, presumably by the pilot beam of the engine.

The district court made a general finding that appellant was not entitled to compensation; but from the briefs it would appear that the court found that death was caused by an accident which did not arise out of and in the course of Blanchard's employment, or that the accident was caused by his wilful negligence. The preparation of the report to the grain corporation was one of the duties which devolved upon Blanchard when the bookkeeper was absent, and the fact that the post office was six blocks distant from the elevator while the station was only two blocks away, and that he was alone in the elevator, showed that he desired to spend as little time as possible away from his main post of duty. We are satisfied that the accident arose out of and in the course of his employment. The fact that the bookkeeper always mailed letters at the post office when he attended to the correspondence is not material.

The other question presented is whether the accident was caused by the wilful negligence of the deceased. "Wilful negligence" is defined in the statute as follows: "For the purposes of this act, 'wilful negligence' shall consist of (1) deliberate act, or (2) such conduct as evidences reckless indifference to safety, or (3) intoxication at the time of injury, such intoxication being without the consent or knowledge or acquiescence of the employer or the employer's agent." Rev. St. 1913, sec. 3693, as amended, Laws 1917, ch. 85, sec. 23.

The deceased was 66 years of age. He had been moving rapidly, one witness saying it was a fast walk, or trot; another called it a run. He suddenly swerved toward the main track at or near a switch. Whether he made a misstep, whether his progress was interfered with by means of the switch, or whether from the exertion or from some other cause, he became dizzy and swerved toward the train, it is impossible to determine. There is nothing in the record which would indicate

that his domestic relations were unpleasant, that he was worried or depressed on account of other trouble, or that would in any wise indicate that he contemplated self-destruction. The presumption of law is against such a conclusion. "When violent death is shown, the presumption arises that it was not self-inflicted. As between accident and suicide, the law supposes accident until the contrary is shown." *State v. District Court of St. Louis County*, 138 Minn. 138; *Wishcaless v. Hammond, Standish & Co.*, 201 Mich. 192.

Does the testimony show "such conduct as evidences reckless indifference to safety?" There were 10 or 12 feet of space between the tracks, which to an ordinary mind would indicate there was plenty of room for a person to travel safely in the same direction as the train. While there is no doubt that it was careless to attempt to move rapidly, side by side with a rapidly moving train, in the narrow space between the tracks, we think it does not necessarily show "reckless indifference to safety." In Webster's Dictionary "reckless" is defined as "rashly negligent; utterly careless or heedless." The word "reckless" has been defined by courts many times. The definitions do not always agree, some saying that a reckless act is the equivalent of a wilful one, while others say the word does not imply wilful, but merely heedless, careless, rash, indifferent to consequences. "Reckless indifference to safety" as used in the statute means more than want of ordinary care. It implies a rash and careless spirit, not necessarily amounting to wantonness, but approximating it in degree, a willingness to take a chance. We may well conclude that deceased believed there was ample space between the tracks in which he might move with safety. An error of judgment of this kind would not evidence recklessness, and, while a prudent and careful man might have stepped away, the true test is not what such a man would have done under the circumstances, but whether the act was in itself more than merely careless, and was within

the statutory definition of wilful negligence. Since the divergence from the middle of the space between the tracks may have resulted from several different causes, we think the evidence does not sustain a conclusion that the accident was the result of "wilful negligence" as defined in the statute. The judgment of the district court is reversed and the cause remanded, with directions to affirm the award of the compensation commissioner.

REVERSED.

ALDRICH, J., not sitting.