ANGELO PAPPAS, APPELLANT, V. YANT CONSTRUCTION COMPANY, APPELLEE.

FILED OCTOBER 23, 1931. No. 28028.

*Willis G. Sears* and *Max Fromkin*, for appellant.

*Dressler & Neely*, contra.

Heard before GOSS, C. J., ROSE, DEAN, GOOD, EBERLY, DAY and PAINE, JJ.

GOOD, J.

This action arose under the workmen's compensation law. In the trial court, judgment went in favor of defendant, the employer. Plaintiff has appealed.

The record discloses that the defendant was engaged in paving a highway a few miles south of Nebraska City. Its machinery and equipment for mixing the paving material were in Nebraska City. After being mixed, the paving material was hauled in trucks to the place where it was to be used. Defendant employed a number of its own trucks in this undertaking and hired drivers at a stated hourly wage. Defendant also hired a considerable number of men who owned their trucks. These men furnished fuel and oil for and kept their trucks in repair at their own expense. Plaintiff was one of this number. It was

the custom for these independent truck owners to report at the mixing plant at a designated hour in the morning. Those first to arrive were the first to load and drive away. These men were paid 20 cents per load mile for each load hauled.

On the night of June 24, 1930, there was a heavy rainfall which continued until the morning of the 25th. On that morning plaintiff and other truck owners reported at the mixing station, and were informed that because of the muddy roads there would be no hauling that forenoon; that they should report after lunch. After lunch plaintiff reported, but was again informed that on account of the muddy roads there would be no hauling done that day. During the afternoon of that day, plaintiff, while attempting to make a repair upon his own truck, received an injury to his eye, for which he seeks compensation in this action. There is a sharp conflict in the testimony as to whether he received the injury while on the premises of the defendant or at his home about one mile distant. The preponderance of the evidence shows that plaintiff was injured while working on his truck at his home. The trial court held that the relation of master and servant existed between the parties to the action, but that plaintiff's injury did not arise out of and in the course of his employment, and therefore was not compensable.

For reversal of the judgment, plaintiff cites and relies on *Tragas v. Cudahy Packing Co.,* 110 Neb. 329, and *Speas v. Boone County,* 119 Neb. 58, together with decisions from other jurisdictions. In the *Tragas* case the employee was working for the defendant in its plant, where it was necessary for him to use a sharp chisel to clean pans. At the plant of the defendant, at the noon hour, he attempted to sharpen the chisel upon a grindstone and was injured. The chisel and grindstone both belonged to the defendant. The sharpening of the chisel was necessary in connection with the work to be performed in the afternoon. This court held that the injury arose out of and in the course of the employment.

In *Speas v. Boone County, supra,* the workman was en-

gaged in dragging a highway. He had worked during the forenoon, and, being opposite his home when the noon hour arrived, he stopped there for lunch. He unhitched and watered his horses, and, while going into the barn to tie them, he was kicked and received an injury. It was there held by a divided court that his injury arose out of and in the course of his employment.

At first blush, it may seem that the facts in the instant case bring it within the rule announced in these decisions, but a close analysis will, we think, make it apparent that there is a clear distinction between the cited cases and the one under consideration. In each of those cases the employee had worked half of the day on which he was injured, was expecting and intended to continue his work after the lunch hour, and what the workman did, in each case, was necessary for the performance of his afternoon work. The injury in each of those cases occurred at the noon hour and during the day of the employment. In the instant case, plaintiff was not at work for defendant on the day his injury was received. He did nothing upon that day that would entitle him to any wage. True, he had reported for work on the morning of the 25th of June and again after lunch, but each time he was informed that there would be no hauling for the succeeding half day. The weight of the evidence shows that he returned to his home with his truck, and that some time later he was attempting to make the repair when he received the injury of which he complains. During the forenoon of the 25th and during that afternoon the time was defendant's time; he could employ it in any way he saw fit. He might use his truck for any other purpose or for any other employer, had he so desired. He was not under the control or direction of defendant. The work he undertook was for himself and for his own benefit.

In this connection, it is proper to call attention to the fact that the legislature has defined many of the terms used in the workmen's compensation law. Subdivision c, sec. 48-152, Comp. St. 1929, is as follows: "Without otherwise affecting either the meaning or interpretation of the

abridged clause, 'Personal injuries arising out of and in the course of employment,' it is hereby declared: Not to cover workmen except while engaged in, on or about the premises where their duties are being performed, or where their service requires their presence as a part of such service at the time of the injury, and during the hours of service as such workmen."

In the instant case, the injury was not received while plaintiff was engaged in, on or about the premises where his duties were to be performed, or where his service required his presence as a part of such service; nor was his injury received during the hours of such service as such workman. Under the plain wording of the statute, plaintiff's injury cannot be held to have arisen out of and in the course of his employment.

Our attention has been called to decisions from other jurisdictions which seem to hold a contrary view, but, so far as we are informed, or as disclosed by the opinions, there was in existence in those jurisdictions no statute defining the term "arising out of and in the course of employment," as does the law of this state.

The conclusion reached renders unnecessary the discussion of other questions. The judgment of the district court is right and is

AFFIRMED.