CARRIE A. HALL, APPELLANT, V. AUSTIN WESTERN ROAD MACHINERY COMPANY ET AL., APPELLEES.

FILED OCTOBER 11, 1933. No. 28908.

*A. R. Strong, W. W. Gibson* and *Rosewater, Mecham, Burton, Hasselquist & Chew,* for appellant.

*Kennedy, Holland & DeLacy* and *Edward J. Svoboda,* contra.

Heard before GOSS, C. J., ROSE, GOOD, EBERLY and PAINE, JJ., and SHEPHERD, District Judge.

GOOD, J.

This is an action to recover compensation and other benefits under provisions of workmen's compensation law. From an adverse judgment, claimant for compensation has appealed.

Plaintiff is the widow of Tracy G. Hall, who died February 14, 1932, as the result of an automobile accident occurring on the previous day. The question presented for determination is: Did Hall's injuries, which resulted in his death, arise out of and in the course of his employment?

The facts are not in dispute. Defendant is engaged in the manufacture and sale of road machinery and equipment, and maintains a branch office at Omaha, Nebraska. Hall was employed by the manager of this branch office as a salesman of defendant's machinery, and was assigned certain specified territory in Nebraska, comprising about 20 counties in the southeastern part of the state. Hall's home was in Sioux City, Iowa. It was his custom to spend each alternate week-end at his home. He was not authorized to make sales or transact any business for defendant in the state of Iowa.

January 30, 1932, Hall signed an instrument, of which the following is a copy:

"Sioux City, Ia. Jan. 30, 1932.

"For a valuable consideration, receipt of which is hereby acknowledged, I hereby consent to the reproduction and use of name, picture and statement by McCann-Erickson, Inc., its nominees (including any publisher) and its client Standard Oil Company (Indiana) for advertising trade and art purposes in any and all publications and other advertising media, without limitation or reservation.

"(Signed) F. J. Hagg, Witness.     (Signed) T. G. Hall.
"5300—4th Ave.
"Sioux City, Ia."

McCann-Erickson, Inc., is an advertising agency, which

was engaged in putting on a campaign of advertising for the Standard Oil Company of Indiana. February 13, 1932, at the request of a representative of the advertising agency, Hall had a conference with this representative and representatives of the Standard Oil Company at Sioux City, where they discussed the desirability of having a picture taken of Mr. Hall standing in front of road machinery manufactured by defendant, and on which its name was painted or stamped. This picture was to be used in an advertisement for the Standard Oil Company in connection with an interview with Hall, in which he was to extol the merits of a lubricating oil manufactured by the Standard Oil Company. All of this was without the direction, consent or knowledge of defendant. At this conference it was ascertained that there was road machinery manufactured by defendant at Moville, Iowa, 20 miles east of Sioux City, and, for the purpose of taking such picture, Hall, with the representatives of the Standard Oil Company and the advertising agency and a photographer, started in an automobile for Moville. On the way thither, and about 11 miles east of Sioux City, an accident occurred, in which Hall received injuries from which he died the following day.

Plaintiff contends that Hall was engaged in the performance of his duties as a salesman for defendant, in that he was procuring the advertisement in which the name of defendant's machinery would appear, and that, therefore, his injuries arose out of and in the course of his employment.

We think the contention is not tenable. Hall had no authority to transact any business for the defendant outside of the state of Nebraska; had no authority to procure any advertising; nor, indeed, had defendant's branch office at Omaha any authority to do any advertising for defendant. Moreover, it may be questioned whether an advertisement for the Standard Oil Company, in which the merits of one of its products was being extolled in an interview, would be of any value, as an advertising

medium, to the defendant, simply because its name might appear on machinery in a picture in connection with the advertising. Moreover, the instrument, above quoted, which Hall signed, indicates that he received a valuable consideration. What or how much it was is not disclosed. Whatever the consideration, it did not move from the defendant. Plaintiff contends that the evidence shows Hall received no compensation for going to Moville, Iowa, but the only evidence upon this is in an answer by the representative of the Standard Oil Company in which he says that, to his knowledge, no consideration was paid by it to Hall. It must be borne in mind that McCann-Erickson, Inc., was the one putting on the advertising campaign, and it was securing its material for the advertisement for the Standard Oil Company. There is no evidence from any one that McCann-Erickson, Inc., did not agree to compensate Hall for the proposed trip to Moville, and the written instrument, signed by Hall, indicates that he had received such a consideration from McCann-Erickson, Inc.

Under the workmen's compensation law, an injury, to be compensable, must be caused by an accident arising out of and in the course of the workman's employment. Comp. St. 1929, sec. 48-109. Section 48-152, Comp. St. 1929, defines certain terms in the workmen's compensation law. Subdivision "c" of that section reads as follows: "Without otherwise affecting either the meaning or interpretation of the abridged clause, 'Personal injuries arising out of and in the course of employment,' it is hereby declared: Not to cover workmen except while engaged in, on or about the premises where their duties are being performed, or where their service requires their presence as a part of such service at the time of the injury, and during the hours of service as such workmen."

This provision of the section was under consideration by this court in *Pappas v. Yant Construction Co.*, 121 Neb. 766. In that case plaintiff received injuries while

working on a truck which he was using in hauling paving material for his employer. The injury was received while he was working on the truck at his home, a considerable distance from the place of his employment. It was held that his injuries did not arise out of and in the course of his employment.

In *Bergantzel v. Union Transfer Co.*, 124 Neb. 200, it was held: "A compensable injury, under the workmen's compensation act, must be reasonably incident to the employment, and unless there is apparent to the rational mind, upon consideration of all the circumstances, a causal connection between the conditions under which the work is required to be performed and the resulting injury, such injury does not arise out of the employment."

It appears also that the 13th of February fell on a Saturday and that Hall had completed his week's work, had returned to his home in Sioux City for the week-end, and was not then engaged in the work of his employer.

From the facts and the foregoing authorities, we are impelled to the view that the injuries, resulting in the death of Hall, did not arise out of or in the course of his employment.

It is charged that the court erred in excluding evidence tendered by plaintiff. The record does not disclose any prejudicial error in the exclusion of proffered evidence.

The judgment of the district court is right and is

AFFIRMED.