RUDOLPH SEVERSIKE, APPELLANT, V. OMAHA FLOUR MILLS COMPANY, APPELLEE.

FILED OCTOBER 25, 1935. NO. 29576.

Wear, Boland & Nye, for appellant.

Rosewater, Mecham, Shackelford & Stoehr, contra.

Heard before GOSS, C. J., ROSE, GOOD, EBERLY, DAY, PAINE and CARTER, JJ.

CARTER, J.

In this case the appellant, Rudolph Seversike, brought suit against the appellee, Omaha Flour Mills Company, to recover benefits alleged to be due under the workmen's compensation act for the loss of his left arm. The trial court found that the injury complained of did not arise out of and in the course of his employment by the appellee. From an order dismissing the action, appellant brings the case to this court on appeal.

In order for an injury to be compensable under the workmen's compensation act, it must be caused by an accident arising out of and in the course of the workman's employment. Comp. St. 1929, sec. 48-109. The burden of proof rests upon the injured workman to show that he comes within the provisions of the law. These propositions have been decided so many times by our court that the citation of authority to support them is unnecessary.

The record shows that the appellant had been employed by the Omaha Flour Mills Company for about eight years. His employment consisted of doing bakery service work, "shooting trouble," giving demonstrations, balancing formulas, explaining advertising and merchandising ideas, and general ideas tending to improve the bakery business. This service was available to all bakeries using the products of the Omaha Flour Mills Company. Appellant resided and made his headquarters at Sac City, Iowa, but rendered such services for bakeries in Iowa, Nebraska, Wyoming, Colorado, South Dakota, Minnesota, Missouri, Wisconsin and Illinois, as directed by the managing officers of the Omaha Flour Mills Company, whose main office was at Omaha, Nebraska. Appellant was paid a salary of $225 a month by appellee for his services. The record further shows that some time prior to December, 1933, appellant had obtained a mortgage on a bakery in Sac City, Iowa, which it became necessary for him to foreclose. He then obtained a leave of absence from appellee for the pur-

pose of establishing his bakery in Sac City as a going concern. The record shows that it required more time than he anticipated and that an extension of his leave of absence was granted. On January 21, 1934, while on leave of absence and while he was "shooting trouble" in his Sac City bakery, he caught his left arm in a dough mixer and suffered injuries that necessitated its amputation. The record further shows that after the happening of the accident, and after the bakery had been placed in operation, appellant's bakery was used to some extent to make experiments for the benefit of the Omaha Flour Mills Company and as a demonstration bakery for customers and prospective customers of the appellee company. During the period that appellant was on leave of absence, he drew his full salary from the Omaha Flour Mills Company. Appellant admits that he was the sole owner of the Sac City bakery, that he employed all of the help and retained all the profits. The appellee had no interest whatever in the ownership, management or profits of the bakery. The appellant contends and the appellee denies that the injury arose out of and in the course of his employment with the Omaha Flour Mills Company.

The contention of appellant is that, at the time the injury complained of was incurred, he was in the employ of the appellee, drawing his full monthly salary and engaged in the work that he was hired to perform. Appellee contends that he was on vacation, working in his own bakery for himself and was in no way under the control or management of appellee. Appellant testifies that some time after the accident appellee used the bakery to some extent for experimental and demonstration purposes. We fail to see where the subsequent dealings between the parties could be material to a determination of the issue in the case presented to the court.

We are driven to the conclusion, after a consideration of all the evidence, that at the time of the accident appellant was on leave of absence from his employment with the Omaha Flour Mills Company, that he was engaged in

establishing a business for himself in which appellee had no interest in the ownership or share in the profits. While it is true that he was engaged in work more or less identical with his duties under the employment agreement with appellee, yet he was performing the service for his own benefit on his own time. While it is also true that he drew pay at the regular rate at the time the injury was incurred, yet the testimony is that it was customary for the company to pay full salaries to its older employees while they were on vacations or leaves of absence. We therefore conclude that appellant's injury did not arise out of and in the course of his employment with the Omaha Flour Mills Company. The evidence is clear that appellee had received no benefit from appellant's bakery at the time of the injury. Any benefits that subsequently accrued were incidental to and not the primary purpose of appellant's work. Under such circumstances the appellee is not liable. *Hammond v. Keim*, 128 Neb. 310; *Hall v. Austin Western Road Machinery Co.*, 125 Neb. 390; *Babcock v. School District*, 123 Neb. 491; *Pappas v. Yant Construction Co.*, 121 Neb. 766. The evidence sustains the contention of appellee that at the time of the injury appellant had departed from his master's service and was performing valuable service for himself. As to whether appellant's injury arose out of and in the course of his employment by appellee, the evidence preponderates in favor of appellee. Appellant's injury therefore is not compensable under the workmen's compensation act. The judgment of the trial court is

AFFIRMED.