ELLA FREDA HOFF, APPELLEE, V. PARK EDGAR, DOING BUSINESS AS EDGAR OIL COMPANY, APPELLANT.

275 N. W. 602

FILED OCTOBER 22, 1937. No. 30270.

*C. S. Wortman,* for appellant.

*Moran & James* and *Hubka & Hubka, contra.*

Heard before GOSS, C. J., ROSE, DAY, PAINE and CARTER, JJ.

PAINE, J.

This is an appeal from a judgment of the district court, allowing compensation to the widow of a deceased employee.

There was also argued at the same time a demurrer challenging the sufficiency of the petition, which was filed in the district court.

Claim was filed with the Nebraska workmen's compensation court on May 25, 1936. A hearing was had before one member of that court on December 1, 1936, and an award made in accordance with the prayer of petitioner. Thereupon, a waiver of rehearing before the whole compensation court was filed on February 16, 1937, and an appeal lodged directly in the district court for Gage county.

The evidence discloses that Arlan G. Hoff was the husband of the plaintiff, Ella Freda Hoff, and that Valjean Hoff is their only child, aged 17 years, and that the mother and daughter were solely dependent upon him for support; that said Hoff had been working for Park Edgar, of Ashland, Nebraska, for a period of about two weeks. Hoff was one of two drivers of a large, long wheel-base Chevrolet truck, with a Butler 2,300-gallon gasoline tank, the whole making what is known as a transport truck, and was engaged in hauling gasoline from Eldorado, Kansas, to Nebraska. The employer was in the gas and oil business as a Skelly oil jobber, and transport loads of gasoline were delivered to Ashland, Wahoo, or to Wilber, as ordered. The two drivers made alternate trips and kept the transport truck on the road, night and day, continuously. The drivers were paid $6 a trip, and Hoff had made four or five trips in the two weeks that he had been working at this job.

Mr. Hoff drove the empty transport truck to Eldorado, where it was filled, and he immediately started back, driving through the night, and at 9:00 a. m., April 24, 1936, had reached a point on the highway where it crosses the branch line of the Chicago, Burlington & Quincy Railroad running from Wymore to Beatrice. The railroad ran from the southeast to the northwest, and this Highway No. 2, running north and south, crossed it at an angle. A train, consisting of a large engine and three small passenger cars, was proceeding northwest, and the transport truck, going north, approached the crossing on the left-hand side of

the train, the driver of the truck being on the far side of his cab from the train, which came up from his rear. Each was moving at a speed of 35 to 40 miles an hour; neither slackened speed nor put on brakes, although the engineer whistled. It resulted in a head-on collision, the truck struck the front end of the engine between the pilot, and the cylinder burst into flames, and Hoff was killed.

A farm hand saw the accident, and said that as the truck drove past him, as he was working in the field about 600 feet from the crossing, he waved to Hoff and Hoff waved back, and then he turned and looked west, being attracted by the whistling of the engine, and saw the train coming up. He watched the collision, heard an explosion, and saw a big puff, and a fire started immediately.

It is charged by the appellant that the deceased had made many trips over the highway, was familiar with all of the railroad crossings and, as there was no obstruction in the way, he could have seen the approaching train a considerable distance, but that wilfully, recklessly, and negligently he proceeded to the collision which resulted in his death, and that the trial court committed error in excluding evidence of wilful negligence, and that the judgment entered is contrary to the facts established by the evidence.

Section 48-101, Comp. St. 1929, provides that an employee cannot receive compensation if he was wilfully negligent at the time of receiving an injury. It is argued that gross negligence is an intentional failure to perform a manifest duty in reckless disregard of the consequences, and that the deceased showed such a reckless indifference to, and intentional disregard for, his safety as to prevent the allowance of compensation in this case.

The appellant argues further that the appellee's case is founded on the theory that, as the employee was killed while in the regular course of his employment, therefore the employer must pay, which puts the employer in the position of being an absolute life insurer to his employee, which is not what the law intends.

Appellant insists that he has been unable to find any case on all fours with this case where a recovery has been allowed, and argues that, if Hoff was alive at the moment of the collision, it would prove that he wilfully refused to do any one of three things for his own safety, i. e., to turn from his course with steering wheel, or to lift his foot from the gas feed, or to apply the footbrake, and that he was guilty of reckless indifference to his own safety, or had wilfully decided to beat the train across the track, and his heirs are not entitled to compensation.

Appellant argues that if Hoff had not died of heart disease just an instant before the crash, or had not dropped to sleep, but was wide awake, then under the holding in *McNaught v. Standard Oil Co.*, 128 Neb. 517, 259 N. W. 517, he was not within the zone of his general duties as therein set out, to which we do not agree.

There is also presented the question whether Hoff might not have deliberately committed suicide by running his truck into this engine, but this court held in *Farmers Grain & Supply Co. v. Blanchard,* 104 Neb. 637, 178 N. W. 257, that, where there was a question as to whether a violent death had been caused by accident or by suicide, there is no presumption in favor of suicide, and that the law presumes the death was caused by an accident until suicide is established by the evidence. There is no scintilla of evidence in this case of a deliberate suicide, and that theory must be rejected by this court.

We will first consider the demurrer. It is insisted that the plaintiff's allegations are entirely insufficient to base any judgment upon.

Appellant argues that the deceased committed a misdemeanor in traversing a grade crossing without bringing his transport truck to a full, complete stop, as provided in sections 39-1036 and 39-1136, Comp. St. Supp. 1935.

Further, that there is no allegation in the pleading that the employer, Park Edgar, was guilty of any negligence which was the natural and proximate cause of employee's death. It is a sufficient answer to say that section 48-110,

Comp. St. 1929, allows recovery "without regard to the negligence of the employer." After a careful examination of the pleadings, the demurrer is hereby overruled.

In all actions at law brought under the workmen's compensation act, the burden of proof to establish wilful negligence of the injured employee is on the defendant (Comp. St. 1929, sec. 48-107), and no evidence is offered to sustain the charge of wilful negligence upon the part of the deceased. To avoid liability on that ground, the employer must prove a deliberate act knowingly done, or such conduct as evidences a reckless indifference to his safety. *Ashton v. Blue River Power Co.,* 117 Neb. 661, 222 N. W. 42.

This court cannot account for the cause of this young man's death except on the ground that for some unexplained reason he absolutely failed to see the train approaching the crossing. There is no evidence that he increased his speed to beat it, or that he tried to stop his truck.

In our opinion, he met his death while in his line of duty, and the fatal accident arose out of and in the due course of his employment. The judgment of the trial court is, affirmed, with an additional $100 attorney fees allowed for services in this court.

AFFIRMED.