ROSE RICHARDS, ADMINISTRATRIX, APPELLEE, V. MATHIAS ABTS, APPELLANT.

281 N. W. 611

FILED OCTOBER 7, 1938. No. 30497.

*F. J. Reed,* for appellant.

*James H. Anderson, contra.*

Heard before ROSE, C. J., EBERLY, PAINE, CARTER and MESSMORE, JJ.

CARTER, J.

This is an appeal from an award of death benefits under the workmen's compensation law. The record discloses that the defendant, Mathias Abts, had been engaged in blacksmithing in the village of Morrill, Nebraska, for many years and that William Richards, the deceased, had been employed in the shop since 1932. A part of the shop's equipment was an oxo-acetylene welding torch which was used by both the defendant and the deceased in their work. On October 12, 1937, an empty molasses tank of 500-gallon capacity was brought into the shop for the purpose of having some leaks repaired. This tank was made of thin sheet metal, equipped with an air pump on the front end of it and with pipe fittings at the rear end for draining the contents and was mounted upon an automobile chassis.

The evidence shows that deceased pumped some air into the tank in order to locate the leaks from the sound of the escaping air. After locating the leaks, the deceased, without reducing the air pressure in the tank, proceeded to weld the tank with the oxo-acetylene torch hereinbefore mentioned, with the result that it exploded and caused the death of the deceased. It is agreed by the parties that the accident arose out of and in the course of the employment. The sole defense offered was that deceased was guilty of wilful negligence that would bar a recovery under the provisions of sections 48-109, 48-110, 48-127, and 48-152, Comp. St. 1929.

There is evidence in the record that the welding of a closed container without removing the hazard of an explosion by opening the vent was well known to the trade to be highly dangerous. Evidence was offered by the defendant to the effect that he had warned the deceased of the danger.

This evidence was excluded and no complaint is made of the ruling. The evidence of one Gibson was offered, however, to the effect that he had warned the deceased of the danger on several occasions. This evidence was excluded by the trial court and we think this constituted prejudicial error. Whether or not the acts of the deceased constituted wilful negligence is dependent upon his knowledge of the danger and his willingness to disregard it and maintain a course of conduct indicating a reckless indifference for his own safety. The evidence offered tended to throw light upon that issue and it should have been received in evidence and considered by the court.

The judgment of the district court is reversed and the cause remanded for a new trial.

REVERSED.