WILLIAM A. LUKE, APPELLEE, V. ST. PAUL MERCURY
INDEMNITY COMPANY ET AL., APPELLANTS.

300 N. W. 577

FILED OCTOBER 31, 1941.  No. 31257.

*Chambers, Holland & Locke,* for appellants.

*Good & Simons, contra.*

Heard before SIMMONS, C. J., EBERLY, PAINE, MESSMORE,
and YEAGER, JJ., and FALLOON and ELLIS, District Judges.

YEAGER, J.

This is an appeal from an award in a workmen's compensation case in favor of William A. Luke, plaintiff and appellee, against the Young Men's Christian Association of Lincoln and Lancaster county, Nebraska, a corporation, the employer, and St. Paul Mercury Indemnity Company of St. Paul, a corporation, the compensation carrier, defendants and appellants.

The only question presented is one of liability, and it

depends upon whether or not the accident and injury sustained by the plaintiff, which accident and injury are admitted, arose out of and in the course of his employment as general secretary of the employer defendant.

The pertinent substantial facts are that plaintiff had been general secretary of the employer defendant, hereinafter referred to as the Lincoln Y. M. C. A., for more than 25 years. Under arrangement with the Lincoln Y. M. C. A. it was required that plaintiff should attend conferences at Association Camp, Estes Park, Colorado, on dates from July 22 to July 26, 1936. It was further arranged that he was to attend other conferences at Denver, Colorado, with certain Y. M. C. A. officials, the dates of which proposed conferences were not fixed or certain, but were probably to be held very shortly before the Estes Park conference. The traveling expense and expense of attendance were to be borne by the Lincoln Y. M. C. A. On July 9, 1936, plaintiff received word that his brother had died at his home near Billings, Montana. Immediately plaintiff made arrangements with the Lincoln Y. M. C. A. whereby he was allowed to attend the funeral of his brother, it being agreed that he should return from Montana to Denver and Estes Park in time to attend the conferences. He procured a round-trip ticket from Lincoln through Billings, Estes Park and back to Lincoln. The Lincoln Y. M. C. A. bore the equivalent of the cost of a round-trip ticket to Estes Park, and plaintiff the balance. The plaintiff went to the home of his deceased brother, where he remained until July 19, 1936. Following receipt of a communication or communications from his secretary, plaintiff, on July 19, 1936, started by train to Denver, Colorado, presumably to attend contemplated conferences, which conferences were in line of duty. Some time during the afternoon of the 19th, plaintiff was in the dining car eating a piece of watermelon when a fellow passenger lost his balance and caused a fork to be stuck into plaintiff's jaw, which injury is the basis of this action. The train arrived at Cheyenne, Wyoming, the following morning at about 2:30 o'clock. Denver and

Estes Park, Colorado, are west and somewhat south of Lincoln, Nebraska, and the point or points to which plaintiff went are west and north. The place of the accident was west and north and on a route which took plaintiff several hundred miles away from the direct route to Denver and Estes Park. From the time plaintiff left Lincoln, Nebraska, up to and including the time when the accident occurred, the plaintiff had not been engaged in the performance of any act for his employer or in the line of duty. At the time of the accident he was perhaps some hundreds of miles from the place or places where he was to become engaged in the line of duty, and likewise was some hundreds of miles from the direct route from Lincoln, Nebraska, to the place or places of duty engagement. He was returning to duty from a trip of his own selection and planning away from duty.

The plaintiff claims that this was an accident arising out of and in the course of his employment, and that it is compensable under the workmen's compensation law.

The workmen's compensation law extends to and covers only workmen while engaged in, on or about the premises where their duties are being performed, or where their service requires their presence as a part of such service at the time of the injury, and during the hours of service as such workmen. Comp. St. 1929, sec. 48-152; *Pappas v. Yant Construction Co.*, 121 Neb. 766, 238 N. W. 531; *Hall v. Austin Western Road Machinery Co.*, 125 Neb. 390, 250 N. W. 258; *Hammond v. Keim*, 128 Neb. 310, 258 N. W. 478; *McNaught v. Standard Oil Co.*, 128 Neb. 517, 259 N. W. 517; *Seversike v. Omaha Flour Mills Co.*, 129 Neb. 754, 263 N. W. 151.

Measured by the wording of the statute and the interpretative decisions, the plaintiff was not at the time of his injury engaged in, on or about the premises where his duties were being performed. He was not at any place where his service to his employer required his presence as a part of such service. The accident did not occur during any time when his service was required.

The plaintiff had clearly left his employment and gone to a place where his duties did not require his presence. His departure was in no sense incidental to his employment.

It is well settled by the decisions of this court that, where an employee leaves the place where his duties are to be performed or where his service requires his presence to engage in a personal objective, not incidental to his employment, the relation of employer and employee does not exist until he returns to a place where by the terms of his employment he is required to perform service. *Pappas v. Yant Construction Co., supra; Hall v. Austin Western Road Machinery Co., supra; McNaught v. Standard Oil Co., supra; De Porte v. State Furniture Co.*, 129 Neb. 282, 261 N. W. 419; *Seversike v. Omaha Flour Mills Co., supra; Sheets v. Glenwood Telephone Co.*, 135 Neb. 56, 280 N. W. 238.

The plaintiff urges that the so-called dual purpose doctrine, or the rule that recovery may be had under the workmen's compensation law if the servant, on a trip where his and his master's business are combined, is injured, is applicable in the present circumstances. An examination of the authorities does not lead to this conclusion. Without exception these authorities make clear that there must be a combination of purposes of the master and servant to be performed on the same trip, and there is a clear indication that there must be no wide departure from the route whereon the master's service is to be performed.

There can be no doubt that the appellants are entitled to the relief sought by them on this appeal.

The plaintiff was injured on July 19, 1936, and thereafter about October 20, 1936, he reported his condition, stating that he was injured while en route to Estes Park, Colorado, on business for the Lincoln Y. M. C. A. He gave Thermopolis, Wyoming, as the place where the accident occurred. It appears that the compensation carrier defendant paid weekly benefits at the rate of $15 a week to October, 1938, and also $699.50 for medical expense, then concluding that the injury was not compensable under the

workmen's compensation act stopped payment and instituted. action in the compensation court to have the claim declared noncompensable. At about the same time plaintiff filed action in the same court to have the claim declared compensable. The two actions were consolidated and heard together. The record in this condition is before this court.

The case is reversed and remanded, with directions to dismiss the petition of plaintiff and appellee, and to render judgment on the petition of defendants and appellants that the claim of plaintiff and appellee is not compensable under the workmen's compensation act.

REVERSED.