Richard Krajeski, Appellee, v. Roy Beem, doing business as Beem Transport Company of Chadron, Nebraska, et al., Appellants.

60 N. W. 2d 651

Filed October 30, 1953. No. 33428.

*George N. Mecham* and *Charles A. Fisher,* for appellants.

*William B. Quigley* and *Davis, Healey, Davies & Wilson,* for appellee.

Heard before Simmons, C. J., Messmore, Yeager, Chappell, Wenke, and Boslaugh, JJ.

Wenke, J.

This is a workmen's compensation claim instituted in the Nebraska Workmen's Compensation Court by appellee Richard Krajeski against appellants Roy Beem, doing business as Beem Transport Company of Chad-

ron, Nebraska, and St. Paul Mercury Indemnity Company. From a finding for claimant by that court on rehearing, and an allowance of compensation in accordance therewith, appeal was taken to the district court for Lancaster County pursuant to the provisions of section 48-186, R. R. S. 1943, the accident out of which the injuries arose having occurred in South Dakota. The district court affirmed the award of the compensation court. This appeal was taken therefrom after a motion for new trial had been filed and overruled. The appeal will be considered here de novo on the record. See, Rahfeldt v. Swanson, 155 Neb. 482, 52 N. W. 2d 261.

Appellee, whom we shall herein refer to as claimant, started working for appellant Roy Beem, whom we shall herein refer to as Beem, on June 1, 1949, as an oil transport driver. He was then 19 years of age, having been born on March 3, 1930. The accident, out of which the injuries arose for which compensation has been allowed, happened on September 26, 1949. It occurred on State Highway No. 87 at a point about 8 miles south and east of Edgemont, South Dakota. At the time of the accident claimant was driving east. He was driving a WB-28 White semi-trailer transport loaded with 5,600 gallons of crude oil. This oil was being hauled from Newcastle, Wyoming, to Chadron, Nebraska, via Edgemont. South Dakota.

Appellants contend the court erred in holding that claimant, a minor, was legally permitted to work under the laws of Nebraska so as to bring him under the provisions of the Workmen's Compensation Act. Subdivision (2) of section 48-115, R. R. S. 1943, of the act provides, in this respect, as follows: "Every person in the service of an employer who is engaged in any trade, occupation, business, or profession as described in section 48-106, under any contract of hire, expressed or implied, oral or written, * * * including minors who are legally permitted to work under the laws of the state, who for the purpose of making election of remedies under this

act shall have the same power of contracting and electing as adult employees." .

This contention is based on the following language of section 66-522, R. R. S. 1943: "No vehicle, for which a permit has been issued under the provisions of sections 66-516 to 66-518, shall be operated on the highways of this state unless it be manned by a driver * * * more than twenty-one years of age and less than sixty years of age, authorized and qualified to operate motor vehicles under the laws of this state as now or hereafter enacted."

We have carefully examined the provisions of the statutes to which this statute refers and have come to the conclusion that it has no application to the hauling of crude oil. It should be understood that we are not herein in any manner passing on the question of a minor's rights under the Workmen's Compensation Act if and when a claim is made based on employment that is expressly prohibited by any law of this state because of the claimant's age.

It is contended that the petition was not filed within time. The accident happened on September 26, 1949. Claimant became 21 years of age on March 3, 1951. He filed his petition in the Workmen's Compensation Court on May 14, 1951. Section. 48-133, R. R. S. 1943, provides, insofar as here material, as follows: "No proceedings for compensation for an injury under this act shall be maintained unless a notice of the injury shall have been given to the employer as soon as practicable after the happening thereof, and unless the claim for compensation with respect to such injury shall have been made within six months after the occurrence of the same, or in case of death of the employee, or in event of his physical or mental incapacity, within six months after death or the removal of such physical or mental incapacity * * * Want of such written notice shall not be a bar to proceedings under this act, if it be shown that the employer had notice or knowledge of the injury."

Beem knew of the accident on the day it happened and on the following day brought claimant to Chadron from the hospital at Edgemont, South Dakota, where he had stayed over night under a doctor's care. There is evidence that sometime about the middle of October, following the accident, claimant came to Chadron to see Beem for the purpose of making a claim for compensation because of the injuries he had suffered in the accident but, because of certain statements made by Beem, did not do so in written form. We think the factual situation as to notice brings this case within a situation to which the last sentence of the quoted statute has application.

With reference to the time for filing a petition in the Workmen's Compensation Court in case of a dispute, which section 48-173, R. R. S. 1943, provides may be done by either party, section 48-137, R. R. S. 1943, provides: "In case of personal injury, all claim for compensation shall be forever barred unless, * * * within one year after the accident, one of the parties shall have filed a petition as provided in section 48-173. * * * In the event of legal disability of an injured employee such limitation shall not take effect until the expiration of one year from the time of removal of such legal disability."

The legal disability of a minor would, of course, continue until he reached maturity. Claimant became of age on March 3, 1951. Section 48-132, R. R. S. 1943, provides: "If an injured employee is mentally incompetent or is a minor at the time when any right or privilege accrues to him under this act, his guardian or next friend may, in his behalf, claim and exercise such right or privilege."

This is a permissive statute and failure of either a guardian or next friend to bring an action thereunder in behalf of a minor employee would not preclude such employee from asserting his rights under section 48-137, R. R. S. 1943, within 1 year after becoming of age.

We hold the limitation prescribed for the filing of a petition by an employee under section 48-137, R. R. S.

1943, is tolled as long as such employee is under legal disability and, as to a minor employee, it does not begin to run until he becomes of age even though section 48-132, R. R. S. 1943, provides such a suit may be brought by his guardian or next friend while he is under such disability.

Section 48-109, R. R. S. 1943, provides: "If both employer and employee become subject to sections 48-109 to 48-147, both shall be bound by the schedule of compensation provided in section 48-121, which compensation shall be paid in every case of injury or death caused by accident or occupational disease arising out of and in the course of employment, except accidents caused by, or resulting in any degree from the employee's willful negligence as defined in section 48-151."

In such case, section 48-127, R. R. S. 1943, provides: "If the employee is injured by reason of his intentional willful negligence, * * * neither he nor his beneficiaries shall receive any compensation under the provisions of this act."

It is appellants' contention that claimant was guilty of such willful negligence in causing the accident that under the provision of the foregoing statutes it bars his right to recover.

Subdivision (7) of section 48-151, R. R. S. 1943, provides, in this respect, as follows: "* * * willful negligence shall consist of (a) deliberate act, (b) such conduct as evidences reckless indifference to safety, * * *."

We said of this provision in Richards v. Abts, 136 Neb. 741, 287 N. W. 199: " 'An employer who attempts to avoid liability on the ground that employee was willfully negligent must prove a deliberate act knowingly done, or at least such conduct as evidences a reckless indifference to his safety.' Hoff v. Edgar, 133 Neb. 403, 275 N. W. 602."

And we went on to hold: "Mere negligence is not sufficient, but such conduct must be shown on the part of the workman as manifests a reckless disregard of con-

sequences coupled with a consciousness that injury will naturally or probably result."

And in Richards v. Abts, 135 Neb. 347, 281 N. W. 611, we said: "'Reckless indifference to safety,' as used in the workmen's compensation law, section 48-152, Comp. St. 1929, means more than want of ordinary care. It implies a rash and careless spirit, not necessarily amounting to wantonness, but approximating it in degree, a willingness to take a chance." See, also, Farmers Grain & Supply Co. v. Blanchard, 104 Neb. 637, 178 N. W. 257; Moise v. Fruit Dispatch Co., 135 Neb. 684, 283 N. W. 495.

It could reasonably be said that claimant was guilty of conduct constituting ordinary negligence but certainly there is nothing in the record indicating deliberate conduct on his part evidencing reckless indifference to safety.

Appellants contend that claimant made such a deviation from the route he was authorized and directed to take in hauling crude oil from Newcastle, Wyoming, to Chadron, Nebraska, that he thereby deprived himself of all benefits of the Workmen's Compensation Act. This contention is based on the claim that Beem specifically directed claimant. in hauling from Newcastle, Wyoming, to Chadron, Nebraska, to travel only on the hard surfaced oiled highway via Hot Springs, South Dakota, and paid him accordingly on a mileage basis. Admittedly on September 26, 1949, when claimant was returning from Newcastle to Chadron with a load of crude oil, he left this route near Edgemont, South Dakota, and took a short cut on State Highway No. 87 which rejoins the other route near Oelrich, South Dakota. It was while traveling on this road, which was a graveled highway and at the time under construction, that this accident happened.

This contention presents two issues: First, was the authority of claimant, as to the route he could travel, specifically limited by Beem as a matter of fact; and second, if so, would the deviation he made defeat any

rights he might have under the provisions of the act?

Claimant testified he was paid on a mileage basis for the route through Hot Springs; that Beem could have told him not to take the short cut because that road was under construction and hard on equipment; denies Beem ever gave him specific orders not to take it; and that he did not know he was not supposed to take it. In fact, there is evidence in the record that he had previously taken this shorter route on some eight other trips; that at the time he was following an older and more experienced employee; and that this older and more experienced employee was also in the habit of taking the short cut.

Beem testified he positively instructed claimant to stay off of this short cut in hauling from Newcastle to Chadron and to travel only via Hot Springs on the hard surfaced oiled highway. His testimony in this regard is very unsatisfactory and somewhat contradictory as to when and where he did so. He also denies any knowledge of the fact that his drivers were in the habit of using this short cut.

We said in Sporcic v. Swift & Co., 149 Neb. 246, 30 N. W. 2d 891: "It is obvious that the evidence in the instant case is irreconcilable and in direct conflict. This being true, this court will consider the trial court's observation of the witnesses and their manner of testifying, and also that the trial court must have accepted one version rather than the opposite." See, also, Sbarra v. Middle States Creameries, Inc., 140 Neb. 813, 2 N. W. 2d 26; Bolen v. Buller, 143 Neb. 237, 9 N. W. 2d 204. This applies to the compensation court where the matter was tried on rehearing and from which appeal was taken to the district court.

Applying this principle to the factual situation presented by the record we do not think claimant was ever specifically ordered not to take this short cut in traveling between Chadron and Newcastle. But, for the purpose of discussion only, we shall assume that such in-

structions were given. Would that fact defeat recovery here?

This is not a case where the employee has gone off on an errand of his own, such as was involved in McNaught v. Standard Oil Co., 128 Neb. 517, 259 N. W. 517, and Luke v. St. Paul Mercury Indemnity Co., 140 Neb. 557, 300 N. W. 577, cited by appellants, but rather one involving the question of whether or not the claimant violated any instructions as to the manner of performing the work sufficient to defeat his recovery.

"Whether a departure from instructions defeats compensation depends largely upon the facts and circumstances of each particular case." Volcheck v. Western Union Telegraph Co., 128 Neb. 502, 259 N. W. 371.

Restatment, Agency, § 234, p. 524, states: "Conduct is within the scope of employment only in a locality not unreasonably distant from the authorized area." In comment (a) thereunder the following example is given: "One may be a servant, although a bad servant, in performing his master's business at a forbidden place if the place is within the general territory in which the servant is employed. One engaged to drive an automobile in New York City would not be in the service while driving in Albany; but a servant directed to drive from New York to Albany on the west side of the Hudson would not cease to be acting within the scope of the employment while driving on the east side. In all cases, it is a question of degree whether or not the difference in place is so great as to make the act done substantially different from the act authorized." See, also, Volcheck v. Western Union Telegraph Co., *supra*.

Having come to the conclusion that claimant is entitled to compensation under the act, we affirm the allowance made by the Workmen's Compensation Court as affirmed by the district court, since the amount allowed is not questioned.

Application is made by appellee for an allowance of attorney fees for services in this court in case of affirm-

ance. The application is made under the provisions of section 48-125, R. R. S. 1943. The situation here comes within those to which the statute has application. See Werner v. Nebraska Power Co., 149 Neb. 408, 31 N. W. 2d 315. We allow such a fee in the sum of $250, same to be taxed as costs. All costs are taxed to appellants.

AFFIRMED.

CARTER, J., participating on briefs.