MARGARET J. WESTCOATT, APPELLEE, V. EDWIN LILLEY, APPELLANT.

278 N. W. 854

FILED APRIL 1, 1938.   No. 30315.

Kennedy, Holland, DeLacy & Svoboda, Edwin Cassem and Cleary, Suhr & Davis, for appellant.

B. J. Cunningham and W. P. Lauritsen, contra.

Heard before GOSS, C. J., ROSE, EBERLY, DAY and MESS-MORE, JJ., and FALLOON, District Judge.

ROSE, J.

This is a proceeding to recover compensation under the workmen's compensation law.

Edwin Lilley, defendant, owned and operated a sand and gravel pit about a mile southeast of Wood River and was

engaged as a contractor in sand, gravel and concrete work. For him Vere G. Westcoatt, a resident of Wood River, was engaged in hauling by motor truck sand and gravel from defendant's pit to the village of Alda. About a mile from Wood River on the way from there to the pit, a truck owned and operated by him on the highway collided with another truck October 23, 1935, and he was fatally injured, dying the same day.

The widow, Margaret J. Westcoatt, plaintiff, mother of two small children of decedent, presented to the compensation court a claim for compensation, based on allegations that her husband had been an employee of defendant, engaged in the performance of his duties as such, and that the fatal accident arose out of and in the course of his employment. Defendant resisted the claim on the grounds that the truck driver was an independent contractor and not an employee entitled to compensation and that he was on his way to work and not in performance of any duty of his employment when injured.

The cause was tried before a judge of the compensation court with the result that plaintiff was awarded compensation of $15 a week for 325 weeks and other benefits authorized by statute.

Upon appeal by defendant to the district court, plaintiff recovered a judgment for $15 a week for 325 weeks; expenses of burial, $150; services of physicians and hospital expenses, $105.15; fees of attorneys for plaintiff, $200. From the district court defendant appealed to the supreme court.

In view of the rulings in *Showers v. Lund,* 123 Neb. 56, 242 N. W. 258, the defense that the truck driver was an independent contractor within the meaning of the compensation law was unproved.

It is clearly established by the record that he was an employee of defendant at the time of the accident.

Was the husband of plaintiff engaged in the performance of a duty of his employment when injured? That is the question for determination. Defendant did not produce

any witness in his own behalf, but relied for proof of a defense on the cross-examination of plaintiff's witnesses. Employer and employee did not enter into any contract of employment in writing. Their understanding of the terms of their agreement extended over a period of years. Defendant operated his gravel pit and conducted his business as a contractor for more than six years. During all that time the employee hauled gravel for him in the working season which generally lasted each year from some time in April until freezing weather in October. The employee owned and operated his motor truck and paid for his gas and oil. His haul was from pit to dump where the materials were to be used. His compensation was four cents a mile per cubic yard of materials hauled. Two other truck drivers also hauled gravel for defendant on the same terms. All had the privilege of using gas from a supply kept by defendant at the pit, where it cost defendant's truckers less than at regular filling stations. The charges for gas thus furnished to plaintiff's husband were deducted from his compensation. A truck driver was permitted to get gas at a filling station in town and have it charged to himself or defendant. At the time of the accident defendant was performing a contract to deliver gravel to the village of Alda. This employee had authority to accept for defendant orders from the village marshal of Alda for truck loads of gravel for the use of the village. The haul of employee at the time was from the pit to Alda. Gravel was delivered at times pursuant to such orders. The foregoing facts were conclusively proved at the trial. There is direct and positive testimony that, at the pit, on the evening before the employee lost his life, he was furnished a 15-gallon gas tank or drum belonging to defendant and told to bring it back filled with gas. This was a direct order from employer to employee. This same drum, filled with gas, was found at the scene of the accident the next morning, where the employee was fatally injured on his way to the pit for a load of gravel.

On cross-examination of defendant who had been called

as a witness for plaintiff, defendant attempted to show that the employee borrowed the gas drum for his own purpose and was transporting gas therein on his way to work for his sole use in his own truck on the morning of the accident, but these are not necessary inferences from the cross-examination. On further cross-examination defendant said also that he told the truck driver in effect that the supply of gas at the pit was running low and that there might not be enough for the next day. There was an admission of testimony at a former trial to the same effect, but this did not affirmatively prove that the gas on hand would be insufficient for the work of the next day or that the gas en route would not be accepted by defendant if delivered. The direct order from employer to employee to procure and transport to the pit in defendant's tank 15 gallons of gas was not destroyed by the cross-examination, when the methods of mutual transactions over a long period of time are considered. The better views of the entire record are that plaintiff's husband was engaged in the performance of a duty of his employment when fatally injured and that the accident arose out of and in the course of his employment, the claim being within the relief contemplated by the legislature, as indicated by the following interpretation of the law:

"An outstanding purpose of the workmen's compensation law is to shift from the employee to modern industry the burden of economic waste or loss 'arising out of and in the course of his employment' as a result of his injury or death." *Tralle v. Hartman Furniture & Carpet Co.*, 116 Neb. 418, 217 N. W. 952. This aim includes a purpose to prevent an employee's dependents from becoming a public charge. *Parson v. Murphy*, 101 Neb. 542, 163 N. W. 847.

The findings and judgment of the judge of the compensation court who heard the cause and of the district court where there was a trial on appeal are in harmony with the conclusion herein stated. Error in the record has not been found. A fee of $100 for the services of counsel for plaintiff in the supreme court is allowed as costs.

AFFIRMED.