MABEL MOISE, APPELLEE, V. FRUIT DISPATCH COMPANY, AP-
PELLANT.

283 N. W. 495

FILED JANUARY 20, 1939.   No. 30501.

*Kennedy, Holland, De Lacy & Svoboda* and *Edwin Cassem,* for appellant.

*Monsky, Grodinsky, Marer & Cohen, contra.*

Heard before SIMMONS, C. J., ROSE, EBERLY, PAINE, CARTER and MESSMORE, JJ.

ROSE, J.

This is a proceeding under the workmen's compensation law. Comp. St. 1929, sec. 48-101.

J. C. Moise, employee of the Fruit Dispatch Company, employer, defendant, was killed by an explosion of gas August 12, 1936. His dependent widow, Mabel Moise, plaintiff, presented to the compensation court a claim for compensation which was allowed. Defendant appealed to the district court for Lancaster county and there resisted the claim on the ground that the fatal explosion did not arise out of the employment but was caused by the employee's wilful negligence in lighting his pipe with a match in a gas-filled room to gratify a desire or to indulge pleasure personal to himself, though warned of the danger and such negligence forbidden. On issues raised by the claim for compensation and the defenses outlined, the cause was tried before the district court, where there were findings in favor of plaintiff who recovered judgment for $15 a week for 325 weeks from August 12, 1936, and for the following statutory items: Burial, $150; nurse, $3; hospital, $14; ambulance, $5; physician, $57. Defendant appealed to the supreme court.

Counsel for defendant vigorously argued at the bar and in the brief that the allowance of compensation cannot be sustained, because the accident did not arise out of the employment and was caused by the "intentional wilful negligence" of the employee, within the meaning of the workmen's compensation law. The statute makes it clear that an accidental injury to an employee is not compensable unless it arises out of his employment. Comp. St. 1929, sec. 48-101. Nor is it compensable if it was caused by his

"intentional wilful negligence." Comp. St. 1929, sec. 48-127. The defenses are based on the proposition that these issues, · considered together, are established by the evidence in favor of defendant, the employer. Decisions from other jurisdictions are cited to sustain the position thus taken.

The solution of the problems presented depends upon a proper understanding of the evidence and its application to the issues within the meaning of the Nebraska compensation law. It was a purpose of that legislation to shift from employee to modern industry burdens of economic waste or loss arising out of and in the course of his employment as a result of his accidental injury or death and to prevent his dependents from becoming a public charge. *Westcoatt v. Lilley*, 134 Neb. 376, 278 N. W. 854; *Tralle v. Hartman Furniture & Carpet Co.*, 116 Neb. 418, 217 N. W. 952; *Parson v. Murphy*, 101 Neb. 542, 163 N. W. 847. In a recent case it was said:

"It has long been the policy of this court to give a liberal construction to the workmen's compensation law, so that its beneficent purposes may not be thwarted by technical refinement of interpretation." *Wilson v. Brown-McDonald Co.*, 134 Neb. 211, 278 N. W. 254. Following *Maryland Casualty Co. v. Geary*, 123 Neb. 851, 244 N. W. 797.

The Fruit Dispatch Company, defendant, was engaged in distributing bananas by rail in car-loads to wholesale dealers in fruits. Its principal office is in Boston, and it maintains offices in other cities, each in charge of a resident manager. J. C. Moise was the resident manager at Omaha and his trade territory included Lincoln. He had been employed in that capacity for nearly 30 years. It was his duty to receive orders, inspect shipments of bananas to customers upon complaint of damages or of quality and report the results of his inspection to the Boston office of his employer with recommendations on adjustments.

In response to a complaint by the customer, Grainger Brothers Company, wholesaler of fruit at Lincoln, that bananas in a shipment received from defendant were too green, Moise, resident manager at Omaha, went to Lincoln,

August 12, 1936, to make an inspection. When he arrived the banana room in which the fruit was temporarily stored contained natural and ethylene gases to hasten ripening and to produce the color of bananas naturally ripened. Before making the inspection Moise was warned of the danger of explosive gas and directed not to smoke in the banana room. He entered it with the president of the Grainger Brothers Company, the foreman of the banana department and two employees. Within 10 minutes the fruit was inspected and the four men were at the door of the room about to depart, when an explosion of gas. wrecked the banana room, killing Moise and three other persons and seriously injuring others. Defendant's understanding of the evidence is that Moise ignited a match to light his pipe, and thus caused the fatal explosion. Under the circumstances disclosed by the evidence, defendant states its position on one feature of the case as follows:

"An employee, who has been a resident manager for almost 30 years, familiar with the use of explosive gas in the banana-ripening process, who is warned just before entering the room not to smoke therein because the room is full of gas, but who, nevertheless, after entering, lights his pipe and causes an explosion which kills him, causes the explosion by an act performed for his exclusive personal enjoyment and the act cannot be said to arise out of the employment."

While there are rulings by other courts in harmony with the view entertained by defendant, the trend of precedents under the Nebraska statute is to the contrary. At the time of the accident Moise as resident manager was in his employer's trade territory, where his duties at the time called him. He was at the identical place where service was required. He had not completed the work in hand and was on his way to the office of defendant's customer to perform further duties for his employer. By lighting a pipe for his own pleasure or comfort he did not necessarily abandon for the moment his relation to his employer. An employee engaged in business transactions for his principal may light

a pipe and smoke for his own pleasure with his mind and efforts directed to the latter's business. In a recent case the court observed:

"There was no abandonment of the defendant's business while the employee was thus smoking, but the employee merely combined the defendant's business with the employee's private pleasure of smoking." *Triplett v. Western Public Service Co.*, 128 Neb. 835, 260 N. W. 387, citing *Rish v. Iowa Portland Cement Co.*, 186 Ia. 443, 170 N. W. 532, wherein the supreme court of Iowa said:

"Smoking, while not a necessity, is a recognized and quite universal habit among workmen, and an indulgence reasonably to be anticipated by employers. The lighting of a cigaret with a match is not in itself attended by the slightest hazard. It was rendered dangerous to plaintiff only by the presence of a powerful explosive in common use upon certain parts of defendant's premises. It may be that the officers of defendant were not negligent or to blame for the presence of the explosive in the building, but the right of the employee to compensation does not arise out of tort, but exists by reason of the provisions of the workmen's compensation act."

Disobedience of the order not to smoke in the gas-filled banana room did not sever the employee from his employment or remove him from the sphere of his duties. The warning and order were not given by the employer. The latter's customer could not change or terminate the relation of employer and employee. Moise of course was negligent after the warning, but negligence, unless intentionally wilful, does not prevent compensation authorized by statute. Mere disobedience of an employer's order, even, regarding the manner of performing duties, does not necessarily defeat compensation. *Volcheck v. Western Union Telegraph Co.*, 128 Neb. 502, 259 N. W. 371; *Hibberd v. Hughey*, 110 Neb. 744, 194 N. W. 859.

Was the employee's negligent act in lighting his pipe in the banana room intentionally "wilful" within the meaning of the workmen's compensation law? In the sense therein

used "wilful" means "deliberate act;" "such conduct as evidenced reckless indifference to safety;" "involves more than want of ordinary care;" "not necessarily amounting to wantonness but approximating it in degree." *Ashton v. Blue River Power Co.*, 117 Neb. 661, 222 N. W. 42.

The evidence does not disclose a motive for self-destruction of employee. On the contrary, it tends to prove he was in the midst of a happy married life that had lasted 30 years; had a son and a daughter; never had domestic or financial trouble; was earning $280 a month; had a pleasant, happy home; employment with the same employer extended continuously over a period of 30 years; was in performance of his duties as resident manager when fatally injured.

It was shown by uncontradicted evidence that he was an inveterate smoker of a pipe; smoked almost continuously, while awake, for 30 years or more; smoked while at work and at home. It is the proper inference from the facts that he carried on his person tobacco, pipe and matches and responded automatically to the promptings of habit and desire without the volition or mental effort essential to the intentional wilful act of negligence contemplated by the language of the statute. It necessarily follows that, by his negligence, he did not deprive his widow of compensation. The district court took these views of the facts and the law and the judgment responding thereto is

AFFIRMED.