The judgment of the district court is affirmed.

AFFIRMED.

St. Paul Fire and Marine Insurance Company, appellant, v. William Joseph Hoffman et al., appellees.

166 N. W. 2d 731

Filed April 4, 1969. No. 37035.

Emil F. Sodoro, Jon S. Okun, Richard P. Jeffries, and David A. Johnson, for appellant.

McCormack & McCormack and Michael McCormack, for appellees.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

SMITH, J.

Plaintiff, a subrogee, claimed that motorist William Hoffman had negligently damaged a building owned by plaintiff's insured. Issues of negligence, causation, and damage went to the jury which returned a verdict for defendant. Plaintiff has appealed. It contends that submitting negligence to the jury was error while defendant contends in part that the record is inadequate for review of the alleged error.

Direct evidence concerning the conduct of Hoffman, who died prior to the trial, consists of a stipulation and testimony of William Skaleske, a distinterested eyewitness. The stipulation discloses (1) that the building was located at the northwest corner of Fiftieth and Center Streets, Omaha, Nebraska, and (2) that an automobile operated by Hoffman on August 11, 1963, struck the east wall of the building.

Skaleske's testimony is as follows: At 12:30 a.m., August 11, 1963, he saw Hoffman and a woman in a car eastbound on Center Street. The car stopped at the Fiftieth Street intersection until an automatic traffic

signal changed from red to green. It then executed a semicircle in which it struck a curb, a sign, or other object, and finally the east wall of the building. The woman, not Hoffman, was the driver. Skaleske heard Hoffman in another court, however, testify to loss of control of the car at the time and place in question.

Both parties having rested at the trial, plaintiff moved for a directed verdict on liability because the evidence conclusively established Hoffman's negligence. The motion was overruled. The jury learned from instruction No. 4 that lack of an affirmative finding of negligence required a verdict for defendant. After return of the verdict plaintiff filed a motion for a new trial alleging: (1) Errors of law occurring at the trial, and (2) error in the giving of instruction No. 4. The motion was overruled.

The stipulation from which defendant sought no relief precluded controversy over identity of the driver of the collision car. Considering the latitude for testimonial inferences, the mistaken identification by Skaleske, and all other evidence, we conclude: No reasonable man could disbelieve Skaleske's account of the movement of the car. Hoffman's conduct was negligent as a matter of law in light of Newkirk v. Kovanda, ante p. 127, 165 N. W. 2d 576. A district court is under an initial duty without request to define issues of ultimate fact for a jury. It is error for the court to frame a jury issue over an ultimate fact that no reasonable man can fail to find. See Ritchie v. Davidson, 183 Neb. 94, 158 N. W. 2d 275. To preserve objection to the error at the step of filing of a motion for new trial a party may simply allege that the court erred in giving the particular instruction. See Robinson v. Meyer, 165 Neb. 706, 87 N. W. 2d 231.

The judgment is reversed and the cause remanded for new trial limited to damage issues.

REVERSED AND REMANDED.