DENNIS ADLER, APPELLANT, v. JERRYCO MOTORS, INC., A CORPORATION, APPELLEE.

193 N. W. 2d 757

Filed January 28, 1972. No. 38126.

Healey, Healey, Brown & Burchard, for appellant.

Chambers, Holland, Dudgeon & Beam, Cline, Williams, Wright, Johnson & Oldfather, and Kevin Colleran, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, NEWTON, and CLINTON, JJ.

SMITH, J.

The Workmen's Compensation Court on original hear-

ing dismissed the claim of Dennis Adler against Jerryco Motors, Inc. After waiver of rehearing and on appeal to district court the claim again was dismissed. Adler appeals. The chief questions relate to our standard of review and to the connection between recreational or social activities and course of employment.

Adler suffered injuries in an accident on July 26, 1969, at Midwest Speedway in Lincoln while he was racing a Bultaco motorcycle owned by Jerryco. Jerome Biskup owned Jerryco which repaired and sold motorcycles at its place of business in Lincoln. He also was a member of a partnership that owned Midwest Speedway which held automobile and motorcycle races.

In 1967 Jerryco had desired to decrease its expenditures on racing programs. Adler with factory assistance had been racing a Triumph 650 motorcycle, winning almost every time. Jerryco engaged him February 1, 1967, at a monthly salary to manage its shop and racing program. Adler continued to race the Triumph with factory assistance and motorcycles owned by Jerryco. The Triumph decreased Jerryco's racing expenditures $1,000. The sums spent on the program were $4,000 in 1967, $2,000 in 1968, and less than $1,000 in 1969.

Midwest required no entry fee from Adler or others who concededly raced for Jerryco. Contrary to trade practice in an employee-employer relationship Biskup permitted Adler to keep prize money.

Jerryco advertising directly or indirectly referred to Adler. A Jerryco truck that hauled racing motorcycles to Midwest and nearby tracks displayed a caricature of Adler with his national racing number "47." "Jerryco" was the size of a signboard. The truck, as well as the Triumph and Adler's leathers, which Jerryco had not purchased, were orange and white, racing colors of Jerryco.

Jerryco once rented a booth at an automobile show in Pershing Auditorium at Lincoln. The Triumph stood on a pedestal 4 feet high, and a sign stated its high percentage of victories. Other indirect advertising oc-

curred on radio which described Jerryco to be, in Adler's words, " 'the place where the fast guys are the guys that win.' "

Biskup testified as follows: He had closely controlled the racing activity of Adler on Jerryco motorcycles. Adler was under a duty during employment hours not to prepare one for racing by him without specific permission. A similar requirement circumscribed the authority of Adler to drive the truck or to race a Jerryco motorcycle. He almost always requested permission which Biskup almost always granted. On July 26, 1969, Adler failed to do so, and Biskup knew nothing of plans for the race in which the injury occurred. Biskup would have denied permission, for Jerryco had cleaned the Bultaco to sell. The degree of control exercised by each man over motorcyclists who concededly raced for Jerryco is not detailed.

Adler denied close control. He had talked to Biskup on July 26, 1969, about the race prior to its start, both understanding he would enter. There were two Bultaco motorcycles, and the one for sale remained in the shop. Biskup did not subsequently contradict the testimony, and he produced no records to refute it.

The racing program indirectly advertised Jerryco motorcycles for sale. It also kept employees happy. Adler candidly admitted that his employment by Jerryco in no way depended upon his racing any motorcycle.

The district court may set aside a judgment of the Workmen's Compensation Court on rehearing only upon grounds of (1) no jurisdiction, (2) fraud, (3) insufficiency of the record to support the findings, and (4) inadequacy of findings to support the order. See § 48-184, R. R. S. 1943. This court on appeal may set aside the judgment of the district court only upon those grounds except subdivision (3) which reads: ". . . the findings of fact are not supported by the evidence as disclosed by the record, and, if so found, the cause shall be considered de novo upon the record." § 48-185, R. R. S. 1943.

The Legislature has prescribed two procedures for

processing workmen's compensation claims, carrying over rules that governed the compensation commissioner, whom the court superseded. See, §§ 48-177 to 48-185, R. R. S. 1943; Hansen v. Paxton & Vierling Iron Works, 135 Neb. 867, 284 N. W. 352 (1939).

In Gifford v. Ag Lime, Sand & Gravel Co., 187 Neb. 57, 187 N. W. 2d 285 (1971), after waiver of rehearing a judgment for a compensation claimant was affirmed. We said that we will consider the cause de novo only where the findings of fact are not supported by the evidence as disclosed by the record.

Sections 48-184 and 48-185, R. R. S. 1943, are silent about findings that may require no evidentiary support. We construe the sections to remedy the omission. In a workmen's compensation proceeding a district court finding against a party will be set aside if the evidence compels a finding for that party. When we set aside a material finding because of the evidence we will consider the cause de novo.

Recreational or social activities are within the course of employment when the employer derives substantial direct benefit from the activity beyond the intangible value of improvement in employee health and morale that is common to all kinds of recreational and social life. 1 Larson, Workmen's Compensation, § 22.00, p. 349 (1968). See, also, § 48-151(6), R. R. S. 1943.

The district court found that the accident had not arisen out of or in the course of Adler's employment by Jerryco. The finding faces this evidence: Testimony to close control of Adler racing Jerryco motorcycles is weakened by admissions that Biskup almost always granted permission. It also clashes with normal duties of manager of the shop and racing program. Testimony of Biskup to his lack of knowledge and desires concerning the race on July 26, 1969, is not material in view of other evidence. The direct benefit to Jerryco from Adler racing Jerryco motorcycles at Midwest was substantial

enough to bring the activity within the course of employment under the above rule.

The evidence compels a finding that the injuries to Adler arose out of and in the course of his employment by Jerryco. The judgment is reversed and the cause remanded with directions to proceed in accordance with this opinion.

REVERSED AND REMANDED WITH DIRECTIONS.