ROBERT KLEIN, APPELLANT, V. TRINITY INDUSTRIES, INC.,
ET AL., APPELLEES.
201 N. W. 2d 200

Filed October 6, 1972. No. 38419.

A. James McArthur, for appellant.

Baylor, Evnen, Baylor, Curtiss & Grimit, for appellees.

Heard before Spencer, Smith, and Newton, JJ., and Lynch and Moran, District Judges.

Moran, District Judge.

The plaintiff recovered a workmen's compensation award in the one-judge Workmen's Compensation Court. Upon rehearing before the court sitting en banc, the award was set aside and plaintiff's petition was dismissed. On appeal to the district court the judgment of the three-judge court was affirmed. We affirm the judgment of the district court.

The plaintiff, Robert Klein, was injured in a collision while driving a truck-tractor unit of the defendant, Trinity Industries, Inc., in Klamath Falls, Oregon. Prior to the collision the plaintiff had detached the tractor from its trailer.

Plaintiff's petition was dismissed by the compensation court upon the following findings:

"* * * that the evidence in (sic) inconclusive in showing that the plaintiff's injuries occurred in an accident arising out of and in the course of his employment but rather that at the time of said accident and injuries, the plaintiff was returning to the motel where he was staying after performing a mission for purposes of his own benefit and not the benefit of his employer; that at the time of said accident and injuries and immediately prior thereto the plaintiff's conduct was such as to evidence reckless indifference to safety, which conduct contributed to said accident and injuries; that the evidence is insufficient to sustain a finding that the injuries sustained by the plaintiff on November 15, 1970, were the result of an accident arising out of and in the course of his employment by the first-named defendant, and the plaintiff's petition should therefore be dismissed."

Contrary to plaintiff's contention, the foregoing con-

stitutes findings of fact.   Either the finding of intentional willful negligence or that plaintiff's injuries did not arise out of and in the course of employment is sufficient to defeat the plaintiff's appeal if there is reasonable evidence to support it.   Gifford v. Ag Lime, Sand & Gravel Co., 187 Neb. 57, 187 N. W. 2d 285.   We consider only the former.

There was evidence plaintiff was in at least one bar in Klamath Falls on Sunday afternoon, November 15, 1970. He staggered, stumbled, and slouched as he crossed the street from the bar to his truck-tractor.   He had difficulty raising his feet to get into the cab, and he attempted to drive the vehicle from the curb while the air brakes were set.   He failed to stop at the cross-walk in at least three intersections against red traffic signals, coming to an abrupt stop well into the intersection, and accelerating rapidly when the traffic lights changed to green.   These signals were synchronized to permit traffic to proceed without stopping at 20 miles per hour. Plaintiff moved swiftly from one lane of traffic to another and when he entered the intersection at Spring Street protected by a signal he came to a rolling stop, accelerated, and "fishtailed" around the corner.   He then proceeded down Spring Street, rapidly pulling away from a following vehicle which was proceeding at least 35 miles per hour.   The speed limit in this area was 20 miles per hour.   After traveling approximately 8 city blocks, plaintiff failed to stop at an intersection protected by a stop sign.   He then applied his brakes leaving 173 feet of skid marks from his front wheels and 74 feet of skid marks from his rear dual wheels.   The truck-tractor unit struck a concrete pillar supporting an overpass when plaintiff failed to negotiate a curve of approximately 45 degrees in the street just beyond the stop sign.   The plaintiff was pinned in the cab for some time and chunks of concrete were torn from the concrete pillar as a result of the collision.   The unit was a total loss.   The accident occurred at approximately

9:43 p.m. It was dark enough for all other moving vehicles to have their headlights illuminated and dark enough that the occupants of an automobile following the plaintiff with its headlights illuminated were unable to determine the license number of plaintiff's vehicle when it accelerated away from the intersection and down the street prior to the collision.

Under the definitions in Clark v. Village of Hemingford, 147 Neb. 1044, 26 N. W. 2d 15, Moise v. Fruit Dispatch Co., 135 Neb. 684, 283 N. W. 495, and Krajeski v. Beem, 157 Neb. 586, 60 N. W. 2d 651, there was reasonable evidence to support a finding of intentional willful negligence here.

AFFIRMED.

SMITH, J., concurring.

The court correctly applies the rule relating to sufficiency of evidence, for the burden of proof of willful negligence is on the employer. See, § 48-107, R. R. S. 1943; compare Gifford v. Ag Lime, Sand & Gravel Co., 187 Neb. 57, 187 N. W. 2d 285 (1971), with Adler v. Jerryco Motors, Inc., 187 Neb. 757, 193 N. W. 2d 757 (1972).