JOHN HARTWIG, APPELLANT, v. EDUCATIONAL SERVICE UNIT
No. 13, FORMERLY EDUCATIONAL SERVICE UNIT No. 18,
ET AL., APPELLEES.

202 N. W. 2d 618

Filed December 1, 1972.   No. 38538.

Lyman, Meister & Olsen, for appellant.

James R. Hancock, for appellees.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH,
McCOWN, NEWTON, and CLINTON, JJ.

McCOWN, J.

This is a workmen's compensation case.   The Work-
men's Compensation Court dismissed plaintiff's peti-
tion.   On appeal to the district court, the dismissal was
affirmed.   We affirm the judgment of the district court.

The plaintiff, John Hartwig, was employed by the
defendant in September 1968.   His duties consisted of

picking up and delivering various educational materials. The evidence as to the date of the alleged accident is extremely indefinite. The three separate medical histories all show the date as late 1968. Plaintiff's evidence was that sometime in October or November 1969, while plaintiff was lifting a box, he felt a pain in his back and complained to another person present. Plaintiff thought it was a pulled muscle and continued to work that day, and worked regularly until approximately June 1, 1970. He testified that the pain progressed as time passed. He testified that in April or May of 1970, serious pain developed in his leg. On July 27, 1970, he consulted a doctor in Scottsbluff, Nebraska. He was hospitalized in Scottsbluff from August 10 to August 23, 1970, for examination, tests, and treatment. He was then sent to Denver, Colorado, on August 26, 1970. There he was examined by Dr. Markheim, an orthopedic surgeon, who operated on plaintiff's back on September 1, 1970. Plaintiff returned to Scottsbluff on September 9, 1970, and filed his claim in the Workmen's Compensation Court on November 23, 1970.

The medical issue of causation is critical here. Dr. Markheim performed a laminectomy decompressing the nerve roots at the L-4, L-5 level and removed the portion of an old spinal fusion in this area which was not solid. His opinion was that plaintiff's difficulty was caused by the pseudoarthrosis or false joint produced as a result of a partially unsuccessful fusion operation on the plaintiff's back performed many years before. He testified that the plaintiff's condition was the natural progression of this preexisting condition and was based entirely on his pseudoarthrosis rather than on any industrial accident which he claimed.

The two other physicians who testified felt that plaintiff had suffered a partial disability as a result of the accident and previously existing pseudoarthrosis, but conceded that Dr. Markheim's conclusions may have been correct. Both agree that the pseudoarthrosis was

the basis of plaintiff's condition, and both conceded it was possible that plaintiff's condition could have or might have developed without any traumatic intervention.

The single judge Workmen's Compensation Court found that plaintiff had failed to maintain the burden of proving he sustained an accident and injury arising out of and in the course of his employment and dismissed plaintiff's petition. The Workmen's Compensation Court en banc reaffirmed that finding and judgment and also found that the alleged injury occurred in October or November 1968 and plaintiff's action was therefore filed out of time. The judgment of the Workmen's Compensation Court was affirmed by the district court.

The matters at issue here turn on factual determinations. In a workmen's compensation case, the burden of proof is upon the claimant to establish that his disability was caused by an accident arising out of and in the course of his employment. Satterfield v. Nagel, 186 Neb. 332, 183 N. W. 2d 237.

The issue of causation is critical. It is urged that the rule of liberal construction of the Workmen's Compensation Act should be applied to aid the plaintiff in carrying the burden of proving his case by a preponderance of the evidence. The rule of liberal construction of the Workmen's Compensation Act applies to the law but it is not applicable to the evidence offered in support of a claim made for benefits under the act. Parrish v. Karl Kehm & Sons Contractors, 186 Neb. 252, 182 N. W. 2d 422.

In this case two trials in the Workmen's Compensation Court determined the facts adversely to the plaintiff. On appeal to the district court, those factual determinations were again affirmed on all critical issues. On appeal of a workmen's compensation case to the Supreme Court, where there is reasonable competent evidence to support the findings of fact in the trial court, the judgment, order, or award will not be modified or set

aside for insufficiency of the evidence. The cause will be considered de novo in this court only where the findings of fact are not supported by the evidence as disclosed by the record. Gifford v. Ag Lime, Sand & Gravel Co., 187 Neb. 57, 187 N. W. 2d 285.

Where the claimant fails to show with reasonable certainty that the disability of which he complains arose out of and in the course of his employment, the proceeding will be dismissed. Satterfield v. Nagel, *supra*.

In this case the evidence is clearly sufficient to support the finding that the disability of which the plaintiff complains did not arise out of and in the course of his employment.

In view of the determinations made, it is unnecessary to reach the issues of whether the injury was latent and progressive or whether the claim was barred by the statute of limitations.

The judgment of the district court was correct and is affirmed.

AFFIRMED.

SMITH, J., concurring in the result.

The court applies the same standard of review to findings in favor of the proponent of the issue and to findings in favor of the opponent of the issue. It is mistaken. I would affirm on authority of the rule in Adler v. Jerryco Motors, Inc., 187 Neb. 757, 193 N. W. 2d 757 (1972). See, also, Klein v. Trinity Industries, Inc., *ante* p. 117, 201 N. W. 2d 200 (1972) (Smith, J., concurring); cf. St. Paul Fire & Marine Ins. Co. v. Hoffman, 184 Neb. 247, 166 N. W. 2d 731 (1969); Prosser (4th Ed., 1971), Law of Torts, p. 205.