PASCHAL R. McPHILLIPS, APPELLANT, v. KNOX CONSTRUCTION COMPANY, INC., A CORPORATION, APPELLEE.

208 N. W. 2d 261

Filed June 1, 1973. No. 38827.

Robert E. Paulick, for appellant.

Conway, Connolly & Stromer, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, NEWTON, and CLINTON, JJ.

CLINTON, J.

This is a workmen's compensation case. The one judge Workmen's Compensation Court found that the evidence was "insufficient to sustain a finding that the plaintiff suffered an accident and received an injury which arose out of and in the course of his employment." On rehearing before the Workmen's Compensation Court en banc the court made an identical finding and dismissed the petition. The District Court on appeal affirmed the judgment of the Workmen's Compensation Court. The plaintiff appeals and we affirm.

The plaintiff claimed to have suffered an injury to his back in May 1970 when in the employ of the defendant while he was engaged in guiding a utility pole which was being lifted by a crane or boom from a pile of such poles.

The pertinent portion of his testimony is as follows:

"Q. Then what happened? A. Well, when it broke loose, well, all the heavier end was the one I was on and it came down and just pulled something in my back. I didn't feel it. It wasn't a real sharp pain. Q. Well, describe the pain that you had in your back at that time? A. Well, at first it didn't hardly — I didn't even know it was — well, I had had aches and pains before and they had always gone away, but this here, it would start as a little small dull ache in my back and after about a week it started a little sharp pain in my back and in my left leg, upper left leg and kept going. Q. Did you continue to work that day after having that pain in your back? A. Yes. It didn't — well, it didn't bother me much. I had had aches before."

The record discloses he made no complaints to anyone at the time, nor at any time while he was in the employ of the defendant. He voluntarily left his employment with the defendant about 2 weeks after the alleged injury because he had to drive too far to work on his own time. He took employment with a roofing company doing heavy work, and he testified that his pain grew worse and that he was fired because he could not keep up with his work. He thereafter worked for a mobile home manufacturer on an assembly line making sidewalls, and he testified that he hurt so badly he had to sit down on the job and that he had to quit work. This was about July 3, 1970. He had not yet notified the defendant of any claim of injury. About July 4, 1970, he sought medical attention. Bed rest was recommended. He saw other doctors and later had back surgery. Medical testimony as to the cause of his back ailment was conflicting.

The following rules are applicable. In a workmen's compensation case, the burden of proof is upon the claimant to establish that his disability was caused by an accident arising out of and in the course of his employment. Hartwig v. Educational Service Unit No. 13,

189 Neb. 339, 202 N. W. 2d 618. Where the claimant in a workmen's compensation case fails to show with reasonable certainty that the disability of which he complains arose out of and in the course of his employment, the proceeding will be dismissed. Hartwig v. Educational Service Unit No. 13, *supra*. The District Court shall set aside a judgment of the Workmen's Compensation Court on rehearing only upon the grounds provided by statute which include "(3) the findings of fact by the court are not supported by the record." § 48-184, R. R. S. 1943; Adler v. Jerryco Motors, Inc., 187 Neb. 757, 193 N. W. 2d 757. The Supreme Court on an appeal from the District Court in a workmen's compensation case may set aside the judgment of the District Court only upon the grounds provided by statute which include "(3) the findings of fact are not supported by the evidence as disclosed by the record." § 48-185, R. R. S. 1943. If this court so finds, it then considers the matter de novo. Adler v. Jerryco Motors, Inc., *supra*. A finding of fact by the Workmen's Compensation Court on rehearing against the party having the burden of proof will be set aside only if the evidence compels a finding for that party. Adler v. Jerryco Motors, Inc., *supra*.

The evidence in this case does not compel a finding for the plaintiff.

The judgment of the District Court affirming the findings of the Workmen's Compensation Court en banc is affirmed.

AFFIRMED.