RAYMOND M. SMITH, APPELLANT, V. RUAN TRANSPORT, INC.,
APPELLEE.

209 N. W. 2d 146

Filed July 13, 1973. No. 38946.

Jack R. Knicely and Murphy, Pederson & Piccolo, for appellant.

Patrick J. Heaton, Sr., Michael McCormack of McCormack, Cooney & Mooney, and John Peetz, Jr., of Peetz & Dorwart, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, NEWTON, and CLINTON, JJ.

McCOWN, J.

This is a workmen's compensation case. The claim is for injuries received by plaintiff in a truck accident in the course of his employment. The single judge Workmen's Compensation Court made an award for temporary total disability and a 15 percent permanent partial disability to the body as a whole. On direct appeal to the District Court, that court, after trial de novo, affirmed the award of the single judge compensation court. The plaintiff on this appeal contends that a heart attack suffered some 4½ months after the automobile accident was also caused by the accident and that the award should be for total disability.

On September 24, 1970, while in the course of his em-

ployment as a truck driver, the plaintiff was injured as a result of a collision between his truck and another vehicle. Plaintiff suffered a compression fracture of the vertebra and hematoma and contusions of the left flank. He was released from the hospital October 16, 1970, but was advised not to return to work.

Immediately following the accident in September 1970, X-rays revealed a slightly enlarged heart and some thickening of the wall of the heart. X-rays and an electrocardiogram in April 1969, had been read as normal. The plaintiff continued under the care of his doctor for the compression fracture of his back until January 25, 1971, when he was released for work as a truck driver. At that time he was cautioned to avoid excessive lifting or bending. The plaintiff returned to work for the defendant and worked through February 6, 1971, as a truck driver, the same as before the accident.

On February 8, 1971, the plaintiff was at home watching TV and waiting for a call to go to work when he suffered a heart attack. An electrocardiogram taken on February 9, 1971, showed a myocardial infarction which established that the plaintiff had coronary artery disease.

The plaintiff was 58 years old at the time of trial. He was 5 feet 7½ inches tall and had weighed over 200 pounds since 1945. He had smoked since he was 18 or 19 years old and recently was smoking two to three packs of cigarettes a day.

There was no dispute or disagreement as to the percentage of disability caused by the injuries to plaintiff's back. The major point of disagreement involved the causal relationship of the accident to plaintiff's heart condition. Plaintiff's physician testified there was evidence that the patient's heart deterioration followed the accident and he felt there was definite evidence that the two were related. He conceded that the plaintiff was a "coronary prone individual" but attributed the heart attack to the accident and to plaintiff's enforced idleness while recuperating from his other injuries. He tes-

tified that the plaintiff was totally and permanently disabled from driving a gas transport or any sort of heavy lifting or hard manual work.

Two heart specialists, on the other hand, found no reasonable causal relationship between the accident and the heart attack. One of the heart specialists not only found no cause and effect relationship between the accident and the heart attack but also disagreed with the conclusion that plaintiff was totally disabled. In his opinion the plaintiff should be engaging in activity and is able to drive a truck.

The single judge Workmen's Compensation Court specifically found that plaintiff sustained a 15 percent permanent partial disability to his body as a whole due to the injuries to his back, and that the evidence was insufficient to sustain a finding that the coronary atherosclerotic heart disease with myocardial infarction suffered by the plaintiff was the result of an accident arising out of and in the course of his employment.

The District Court, after trial de novo in that court, found "that the evidence is insufficient to show error in the findings by the Judge of the Compensation Court" and ordered that the judgment and award of the compensation court be affirmed.

The plaintiff's basic contention is that his heart condition was a direct result of the accident. He asserts that his heart attack, coupled with his back injury, has produced permanent total disability. On both issues the evidence is in direct conflict. Plaintiff's physician attributes the heart attack to the accident 4½ months before. He also testified that plaintiff was permanently and totally disabled from driving a truck. The evidence of defendant's medical witnesses, both of whom were heart specialists, attributed plaintiff's condition to causes completely unrelated to the accident. They found no reasonable association between the accident and the subsequent heart attack. Defendant's medical evidence also directly contradicted plaintiff's contention of total

permanent disability resulting from the heart attack.

In a workmen's compensation case, the burden of proof is upon the claimant to establish that his disability was caused by an accident arising out of and in the course of his employment. The rule of liberal construction of the Workmen's Compensation Act applies to the law but not to the evidence offered in support of a claim for benefits under the act. Hartwig v. Educational Service Unit No. 13, 189 Neb. 339, 202 N. W. 2d 618.

The contentions of the plaintiff in this case all rest upon factual determinations. The judgments of the Workmen's Compensation Court and of the District Court rest upon findings of fact made in the compensation court and affirmed in the District Court. There is ample evidence to support those findings. On appeal of a workmen's compensation case to this court if there is reasonable competent evidence to support the findings of fact in the trial court, the judgment, order, or award will not be modified or set aside for insufficiency of the evidence. The cause will be considered de novo only where the findings of fact are not supported by the evidence as disclosed by the record. Gifford v. Ag Lime, Sand & Gravel Co., 187 Neb. 57, 187 N. W. 2d 285.

The plaintiff also contends that because the District Court failed to make specific affirmative findings of fact the cause was not tried de novo but was only an error proceeding. While the findings of the District Court are framed in negative fashion, they clearly reflect the affirmance of the findings of fact of the Workmen's Compensation Court as well as the affirmance of the award. The case was tried de novo in the District Court and there is no merit to plaintiff's procedural contention.

The judgment of the District Court was correct and is affirmed.

AFFIRMED.