JOHN A. BARBAGLIA, APPELLANT, v. GENERAL MOTORS ACCEPTANCE CORPORATION ET AL., APPELLEES.

209 N. W. 2d 353

Filed July 20, 1973. No. 38861.

Haney, Wintroub & Haney, for appellant.

Moore & Moore and Arthur J. Nevins, for appellees.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, NEWTON, and CLINTON, JJ.

McCOWN, J.

This is a workmen's compensation case involving injuries received in an automobile accident in the course

of employment. The award of the single judge in the compensation court was increased by the Workmen's Compensation Court en banc. On appeal, the District Court affirmed the award of the full compensation court. The plaintiff has appealed.

Plaintiff had been employed by the finance division of General Motors Acceptance Corporation for approximately 27 years as a district representative. His job required him to contact dealers in his territory and their retail customers in regard to their accounts. The plaintiff was severely injured in an automobile accident on November 29, 1967, while in the course of his employment. At that time he was 57 years old. He sustained two broken legs, a fractured larynx which left him with permanent residual hoarseness, and two fractured ribs. After the accident, plaintiff developed pneumonia which the treating physician attributed to exposure at the accident scene. After the pneumonia, the plaintiff was found to be suffering from emphysema. Plaintiff's physician classified the emphysema as "severe" and attributed it directly to the accident. Defendant's physician disagreed with the diagnosis of severe emphysema. He testified that the plaintiff did not have serious respiratory disease and that the emphysematic condition which plaintiff did have, in his opinion, was not the result of the pneumonia or trauma. There was substantial factual dispute not only as to the causation of the emphysema but as to the extent of plaintiff's disability. Plaintiff's physician testified that plaintiff's "condition" resulted from the accident and that the plaintiff was totally disabled for his former job which required him to do a great deal of driving, walking over rough terrain, and talking. Plaintiff's physician admitted that plaintiff could function very well at a desk job. The defendant's physician testified that plaintiff's physical condition would "certainly permit mild to moderate exertion" but that strenuous activity would be beyond his reach.

The single judge workmen's compensation court, in

addition to temporary total disability and medical expenses, awarded the plaintiff 5 percent permanent partial disability to the body as a whole due to the two-member disability of his legs. The compensation court en banc, in addition to the elements included in the initial award, found that plaintiff suffered a "25 percent permanent partial disability to the plaintiff's body as a whole due to injuries to the plaintiff's chest and larynx." The initial award was modified to include the additional award. The District Court, on appeal, determined that the findings of fact of the Workmen's Compensation Court were supported by the record and affirmed the findings and award of the compensation court.

Plaintiff's assignments of error rest upon two basic contentions. First, that plaintiff was totally and permanently disabled, and, second, that because of plaintiff's emphysema he sustained more than one schedule injury and was entitled to an increased award to compensate for the combined disabilities.

Plaintiff contends that because his former employer has refused to employ him and his own physician has testified that he is unable to do his former job or any job which requires a great deal of driving, walking, and talking, he is therefore totally disabled. Plaintiff relies upon four cases in which this court has adopted the rule that: "For workmen's compensation purposes, 'total disability' does not mean a state of absolute helplessness, but means disablement of an employee to earn wages in the same kind of work, or work of a similar nature, that he was trained for, or accustomed to perform, or any other kind of work which a person of his mentality and attainments could do." Nordahl v. Erickson, 174 Neb. 204, 116 N. W. 2d 275.

The cases relied on by plaintiff involve situations in which the employee had a limited education and had been essentially engaged in manual labor and was unfitted for any other kind of work. Here both doctors agree that plaintiff could perform a desk job or one

not involving strenuous activity. There is no evidence that plaintiff made any attempt to secure employment anywhere except from his old employer. The issue was clearly a factual one which the courts below have determined.

The plaintiff contends also that his respiratory condition was a result of the accident and, together with the schedule injury to his legs, was an unusual and extraordinary condition affecting the body as a whole and justified an increased award. The issue of causation as to emphysema is critical. Again, the evidence is in direct conflict. The plaintiff's medical witness attributes the emphysema to the accident. The defendant's medical witness attributes it to other causes completely unrelated to the accident. In a workmen's compensation case, the burden of proof is upon the claimant to establish that his disability was caused by an accident arising out of and in the course of his employment. Hartwig v. Educational Service Unit No. 13, 189 Neb. 339, 202 N. W. 2d 618.

Plaintiff urges that the rule of liberal construction of the Workmen's Compensation Act should be applied to aid the plaintiff in carrying the burden of proving his case by a preponderance of the evidence. The rule of liberal construction of the Workmen's Compensation Act applies to the law but does not apply to the evidence offered in support of a claim made for benefits under the act. See Hartwig v. Educational Service Unit No. 13, *supra*.

The contentions of the plaintiff in this case all rest upon factual determinations. The judgment of the Workmen's Compensation Court and of the District Court rest upon findings of fact made and affirmed in those courts. There is ample evidence to support those findings. On appeal of a workmen's compensation case to this court if there is reasonable competent evidence to support the findings of fact in the trial court, the judgment, order, or award will not be modified or set

aside for insufficiency of the evidence. The cause will be considered de novo only where the findings of fact are not supported by the evidence as disclosed by the record. Gifford v. Ag Lime, Sand & Gravel Co., 187 Neb. 57, 187 N. W. 2d 285.

The judgment of the District Court was correct and is affirmed.

AFFIRMED.

SPENCER, J., dissenting.

I respectfully dissent because I believe that the plaintiff is totally disabled under our definition of total disability. In Nordahl v. Erickson (1962), 174 Neb. 204, 116 N. W. 2d 275, we said: "For workmen's compensation purposes, 'total disability' does not mean a state of absolute helplessness, but means disablement of an employee to earn wages in the same kind of work, or work of a similar nature, that he was trained for, or accustomed to perform, or any other kind of work which a person of his mentality and attainments could do."

Plaintiff had worked for General Motors Acceptance Corporation for 27 years. His job as a district representative required him to drive an average of 150 miles a day. He often contacted persons out in the field, particularly farmers, and this required him to do a lot of strenuous walking. Since the accident he has had difficulty walking and it is necessary for him to use a cane. His ability to drive long distances is also impaired. As a result of his injuries and disability, his former employer has been unwilling to rehire him for his old job. It is undisputed that he could not do it in any event.

While there is a dispute as to whether the emphysema was the direct result of the accident, there is no dispute as to his other disabilities. Plaintiff did contract pneumonia due to exposure to the cold while trapped in the vehicle subsequent to the accident. He spent 80 days in the hospital. The emphysema limits his ability to get out in the cold or humid air. He did not have this problem during the 27 years of his employment. Al-

though he was hospitalized in 1958 for a respiratory problem, the record indicates that he missed very little time due to illness during the years of his employment. Plaintiff has a fractured larynx resulting in a permanent hoarseness, which is certainly a disabling function insofar as speaking is concerned.

In my judgment plaintiff is 100 percent disabled from doing the type of work in which he has had employment for the majority of his adult life. It has been suggested that he might be able to handle desk-type office work. This, however, would require retraining. Even so, with his larynx problem, at his present age, he would be unemployable.

BOSLAUGH, J., joins in this dissent.