RICHARD B. ATKINSON, APPELLANT, v. LITTLE AUDREY'S TRANSFER CO., INC., APPELLEE.
212 N. W. 2d 350

Filed November 23, 1973. No. 38940.

Robert P. Miller, for appellant.

Joseph H. McGroarty and McGroarty, Welch & Langdon, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, NEWTON, and CLINTON, JJ.

SPENCER, J.

Richard B. Atkinson, plaintiff-appellant, prosecutes this appeal from an order of the District Court for Douglas County, sustaining the order of dismissal of the Nebraska Workmen's Compensation Court. The cause was dismissed by a one-judge court, and on rehearing this finding was reaffirmed by the Nebraska Workmen's Compensation Court en banc. We affirm.

Plaintiff by vocation is an over-the-road truck driver. This action is predicated on his claim of a preinfarction angina on May 31, 1968, leading to a more severe myocardial infarction on June 3, 1968. He claims his heart condition arose out of and in the course of his employment with the defendant. Plaintiff's acute myocardial infarct occurred on June 3, 1968, while he was on a cross-country journey from Fremont, Nebraska, to the west coast. The basis of the present action, however, is plaintiff's contention that he sustained a preinfarction angina on the previous trip, which originated at Fremont, May 25, 1968, and terminated on May 31, 1968, at Fargo, North Dakota.

On the trip in question plaintiff was working on a

refrigerated unit with a cargo consisting of lettuce, carrots, oranges, and celery which had been picked up in California. The separate items of produce were segregated in the truck and were packed in cartons and crates which varied in weight between 35 and 70 pounds. At Bismarck, North Dakota, one-half of the load, or 20,000 pounds, was unloaded onto skids furnished by the consignee. The unloading of the trailer was done by the plaintiff and the driver, individually picking up cartons of produce and placing them on the skids. The skids were then taken into the consignee's place of business by his own employees. Work commenced at the end of the trailer. As the trailer was unloaded the plaintiff and the driver worked their way into the interior. To unload this 20,000 pounds required 2½ hours of work inside the refrigerated trailer. This same process was repeated with the balance of 20,000 pounds of produce at Fargo, North Dakota. Plaintiff worked another 2½ hours in the trailer at that point.

Plaintiff testified that while unloading at Bismarck he had a shortness of breath and a feeling like he had drawn in too much cold air. He then experienced pain in his chest. These symptoms first appeared when he was inside the refrigerated trailer unloading produce. When plaintiff was unloading at Fargo, North Dakota, the pain increased. He didn't know what caused the pain and thought it was just cold air in his lungs. Two symptoms persisted, shortness of breath and the pain across his chest on both sides. This pain continued after he had unloaded the cargo at Fargo and when he arrived at Pipestone, Minnesota, where he left the truck. It continued during his return home to Valley, Nebraska, and was still present the next day, Saturday morning. It is plaintiff's contention that he was under unusual strain in temperature and work and that these conditions combined to produce the myocardial infarction.

On cross-examination the plaintiff admitted that he did not have any pain in his chest while he was in

Bismarck. He did, however, have shortness of breath and thought he had sucked in too much air.

The testimony of the driver of the unit on which plaintiff was working does not support his position. He testified that the plaintiff made no complaints to him of chest pains. If he had made such complaints the driver would have remembered them because he liked the plaintiff.

The testimony of plaintiff's doctors tended to support his contention that there was a causal connection between his employment activities and his subsequent heart attack. Defendant's medical witness, however, testified that during the period in question the plaintiff had been engaged in ordinary work to which he was accustomed and there was no direct relationship between the work he had performed on May 31 and his subsequent heart attack on June 3.

It would serve no useful purpose to further detail the evidence herein. It is apparent that the evidence is irreconcilable and in direct conflict. A review of the record convinces us that we cannot say that the findings of fact are not supported by the evidence. This case therefore is controlled by Gifford v. Ag Lime, Sand & Gravel Co. (1971), 187 Neb. 57, 187 N. W. 2d 285, in which we said: "Upon appellate review of a workmen's compensation case in the Supreme Court, the cause will be considered de novo only where the findings of fact are not supported by the evidence as disclosed by the record."

Here, the triers of fact in each instance found against the plaintiff. The Workmen's Compensation Court en banc said in part: "* * * plaintiff failed to prove a causal connection between the work he did on May 31, 1968, and his subsequent heart attack which he suffered on June 3, 1968; * * *." The burden was on the plaintiff to prove this causal connection.

We said in McPhillips v. Knox Constr. Co., Inc. (1973), ante p. 306, 208 N. W. 2d 261: "Where the claimant in

a workmen's compensation case fails to show with reasonable certainty that the disability of which he complains arose out of and in the course of his employment, the proceeding will be dismissed."

We agree that the plaintiff has not maintained his burden herein. The judgment of the District Court sustaining the order of dismissal is affirmed.

AFFIRMED.

SMITH, J., concurring in the result.

I concur with the majority opinion, except its reference to the question whether the evidence supports the findings of fact. Asserting no affirmative defense, defendant prevailed in the Nebraska Workmen's Compensation Court en banc. In this situation we ought to rely on McPhillips v. Knox Constr. Co., Inc., *ante* p. 306, 208 N. W. 2d 261 (1973), not on Gifford v. Ag Lime, Sand & Gravel Co., 187 Neb. 57, 187 N. W. 2d 285 (1971), in which plaintiff prevailed in the trial court - the District Court on direct appeal from the one-judge compensation court. To me the reference in the majority opinion is erroneous, confusing, and incapable of rational application.