JANE HALL KUETHE, APPELLANT, V. STATE OF NEBRASKA, APPELLEE.

214 N. W. 2d 380

Filed January 18, 1974. No. 39176.

Kutak, Rock, Cohen, Campbell, Garfinkle & Woodward, for appellant.

Clarence A. H. Meyer, Attorney General, and Harold S. Salter, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, NEWTON, and CLINTON, JJ.

PER CURIAM.

The District Court, on direct appeal from an order by a single judge of the Workmen's Compensation Court, sustained an order adverse to the plaintiff. The issue was whether accidental death of plaintiff's decedent arose out of the course of employment. The plaintiff appeals.

Plaintiff sought benefits on account of the death of her husband, Fred S. Kuethe, who had been the state investment officer. The record is as follows.

Kuethe, a full time officer, possessed authority, sub-

ject to the aproval of the Governor, to retain financial advisors and private consultants on a contract basis or otherwise to render such professional service or advice as he may require in performance of his duties. § 72-1242, R. R. S. 1943. In performance of his duties he frequently traveled to Omaha. No specific restrictions were placed upon his travel, and a voucher for the trip during which he was killed was paid by the State.

Kuethe and a representative of Dean Witter and Company had regularly transacted a large volume of business for some period of time. On July 26, 1972, he traveled to Omaha at the invitation of Tom Uren, a broker in charge of institutional accounts at Witter. Kuethe and Uren met at the Omaha Country Club where they played 18 holes of golf. During the round business was discussed. Afterwards they spent 1½ hours in the locker room, but the main subject of conversation was business. It included the activity of a conglomerate in which Kuethe was especially interested. Although he had purchased its shares on prior occasions, on that day he did not indicate whether he intended to purchase additional shares.

They left the locker room and dined. Expenses were paid by Witter. At 9:30 p.m. Kuethe began the return trip to Lincoln in an automobile. Near Lincoln he was killed in an accident.

Subject to exceptions, the State is liable for workmen's compensation in the same manner and to the same extent as is a private individual. See § 48-199, R. S. Supp., 1972.

A finding of fact by the trial court, either the Workmen's Compensation Court en banc or the District Court on direct appeal from the order by one judge of the compensation court, against the party with the burden of proof will be set aside only if the evidence compels a finding for that party. McPhillips v. Knox Constr. Co., Inc., 190 Neb. 306, 208 N. W. 2d 261 (1973).

Cases related to recreational or social activities are often difficult. One of the tests of compensability is whether the employer derives substantial, direct benefit from the activity beyond the intangible value of improvement in employee health and morale that is common to all kinds of recreational and social life. 1 Larson, The Law of Workmen's Compensation, § 22.00, p. 5-62 (1972).

Applying our scope and standard of review to the record, we conclude that the judgment of the District Court was correct.

AFFIRMED.