JOHN J. SOPHER, APPELLEE, v. NEBRASKA PUBLIC POWER DISTRICT, A CORPORATION, APPELLANT.

215 N. W. 2d 92

Filed February 28, 1974.    No. 39202.

Knapp, Tarrell, State & Yeagley and Michael T. Varn, for appellant.

Krause, Inserra, Petersen & Burkhard by Joseph P. Inserra, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, NEWTON, and CLINTON, JJ., and CHADDERDON, District Judge.

NEWTON, J.

This is an appeal from the District Court which af-

firmed the Workmen's Compensation Court finding that plaintiff had sustained injury to both wrists constituting a two-member injury with permanent partial disability. Defendant raises questions relative to the sufficiency of the evidence and the absence of any industrial disability. We affirm the judgment.

Plaintiff was employed by defendant as a lineman. In a fall from a platform he sustained fractures of both wrists. Although the medical evidence was conflicting, it was sufficient to sustain a finding that plaintiff sustained a permanent partial disability of his left wrist to the extent of 3 to 5 percent and to his right wrist of 18 percent. That he sustained a permanent partial disability of his right wrist appears to be conceded. It is the rule that on appeal of a workmen's compensation case to this court if there is reasonably competent evidence to support the findings of fact in the trial court, the judgment, order, or award will not be modified or set aside for insufficiency of the evidence. Smith v. Ruan Transport, Inc., 190 Neb. 509, 209 N. W. 2d 146. See, also, Barbaglia v. General Motors Acceptance Corp., 190 Neb. 529, 209 N. W. 2d 353.

In the present instance the plaintiff has returned to work. Is an impairment of his earning capacity and employability essential to sustain the award? Section 48-121 (3), R. S. Supp., 1969, which sets out the so-called schedule injuries and recovery therefor, provides: "In all cases involving a permanent partial loss of the use or function of any of the members mentioned in this subdivision, the compensation shall bear such relation to the amounts named in said subdivision as the disabilities bear to those produced by the injuries named therein."

We have long held that in a claim for compensation under section 48-121 (3), R. S. Supp., 1969, it is immaterial whether an industrial disability is present or not. See, Bronson v. City of Fremont, 143 Neb. 281, 9 N. W.

2d 218; Paulsen v. Martin-Nebraska Co., 147 Neb. 1012, 26 N. W. 2d 11.

No error appearing, the judgment of the District Court is affirmed.

AFFIRMED.