REQUESTED BY: Senator David Landis State Senator State Capitol Lincoln, NE 68509
Dear Senator Landis:
We have reviewed your February 2, 1982 letter concerning LB 115 and whether increasing the maximum benefits for workmen's compensation without a commensurate increase in minimum benefits is unconstitutionally discriminatory.
We do not think such action would necessarily violate either the United States or Nebraska Constitution. Generally, to satisfy the due process and equal protection clauses legislation need not be mathematically precise in its classification but need only have a reasonable basis for such classification. Prendergast v. Nelson, 199 Neb. 97,256 N.W.2d 657 (1977).
It appears that the rationale for a minimum benefit provision is at least, in part, to prevent the employee and his dependents from becoming public charges. Westcoatt v.Lilley, 134 Neb. 376, 278 N.W. 854. The rationale for a maximum benefit provision is obviously not the same. It probably is to simply limit the amount of damages an employer may be required to pay.
Since the rationale for the two provisions is obviously different, there appears to be no requirement that they be increased or decreased proportionately at the same time. They should each be analyzed independently and adjusted appropriately based on the rationale for each.
Very truly yours,
PAUL L. DOUGLAS Attorney General
John R. Thompson Deputy Attorney General